THE AUGUST GAST BANK NOTE AND LITHOGRAPHING COMPANY, A Corporation, Appellant, v. FENNIMORE ASSOCIATION OF ST. LOUIS et al., Respondents.

St. Louis Court of Appeals, April 4, 1899.

1. Injunction Proceedings: PRACTICE, TRIAL: PART OF DEFENDANTS NOT SERVED WITH PROCESS NOR BEFORE THE COURT: STRIKE. In the case at bar the strike, its incidents, and the means and methods of its enforcement were all under the control and subjected to the orders of the duly appointed officers of the respondent. The persons composing these officers, and, also, the strike committee are all named in the pleadings, and were all joined in the first answer and motion to dissolve. The gravamen of the petition rested upon these defendants, the officers and strike committee of Fennimore Association, and they are the most essential, if not the only necessary parties defendant. Held, that there was no error in dissolving the injunction as to them, without waiting until the plaintiff might bring in all the defendants named in the petition by the service of process on them.

2. ———: ———: ———: BUT ONE FINAL JUDGMENT CAN BE RENDERED. But one final judgment can be rendered in the cause and the two motions for assessment of damages on the injunction bond, though filed by different defendants and at different terms, should both be heard at one time and be treated as one motion.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

AFFIRMED.

FISSE & KORTJOHN for appellant.

It is a general rule that an injunction against several defendants jointly implicated in the same transaction will not be dissolved until all of the defendants have answered denying the equities of the bill. 1 Beach Injunctions, sec. 323; 2 Spelling Ex. Rem., sec. 1065; 2 High Injunc., sec. 1528; 10 Am. and Eng. Ency. Pl. and Pr., p. 1078; 10 Am. and Eng. Ency. of Law, 1017. Although exceptions to this rule are allowed, no exception is allowed the effect of which is to split the proceeding into several parts, only separate portions of the defendants being interested. In no case has the general rule above stated been departed from, except where, from the answers before it, the court was enabled to render a judgment completely disposing of the entire case to all parties. Such a case is Douglass v. Commrs. Baker Co., 23 Fla. 419. The statute, R. S. 1889, sec. 5505, imperatively requires that a defendant shall answer the petition as a condition to being allowed to file a motion to dissolve the injunction. The first motion to dissolve which was filed in this case averred the movants to be "all the parties to the cause." This motion gave the court no authority to proceed. Because upon its face it showed that certain of the movants were not authorized to file such motion, to wit, those who had not answered. The motion to dissolve proceeded in part from certain defendants not entitled to claim a dissolution of the injunction, because at the time they had not answered. The court could not disregard the joinder of such unauthorized defendants in this motion and proceed to consider it as if it came only from defendants who appeared from the record to be authorized to have the injunction dissolved. The statute by permitting injunctions to be dissolved after the hearing of a motion to dissolve, intends that such hearing upon motion shall be substituted for the ordinary trial at the return term. It is a device to expedite the hearing, out of considerations of pub-

lic policy.   But the court can not upon such motion dissolve the injunction except upon such appearance of parties and such testimony as would be exacted at an ordinary final hearing on the merits.   As plaintiffs are forbidden to split a cause of action, so courts, where there are several defendants, are without power to divide and subdivide an action into separate parts, assigning some of the defendants to each part, and rendering judgment as to each class of defendants at separate stages of the case.

MINOR MERIWETHER and H. A. LOEVY for respondents.

There was no hearing or trial, and therefore the alleged motion for new trial, which was no more than a motion to set aside dismissal for failure to prosecute case, did not suspend the operation of the judgment, and appeal should have been taken at June term, 1895, and April term, 1896 (terms of judgment), not June term, 1896.   O'Connor v. Koch, 56 Mo. 254, 262; Butler v. Lawson, 72 Mo. 244, 245.   The filing of a motion to set aside a judgment will not extend the time for taking an appeal beyond the term at which the judgment was rendered.   Smith v. Smith, 48 Mo. App. 612, 619. Where a cause is disposed on a motion, the action of the lower court will be reviewed on appeal without the filing of a motion for a new trial.   Bruce v. Vogel, 38 Mo. 100; Parker v. Waugh, 34 Mo. 340; Slagel v. Murdock, 65 Mo. 522.   The abstract does not show in specific language that the first so-called motion for new trial was filed in four days after order of dissolution and dismissal, therefore that motion can not be considered.   Maloney v. Railroad, 122 Mo. 144 (citing 73 Mo. 71; 52 Mo. 523; 36 Mo. 400 and 92 Mo. 542); Burns v. Capstick, 62 Mo. App. 57.   Appellant's only contention is that the motion to dissolve could not be taken up until the October term.   We contend that the officers and other members of the Fennimore Association were not obliged to wait until the return term to plead, and were entitled to a hearing as soon as

they answered. Davis v. Wade, 58 Mo. App. 641, 646. The statute permits it. 2 R. S. 1889, sec. 5505. Appellant concedes it. Its brief, page 60, line 8. The case was set for hearing before the return term in appellant's presence and with its knowledge and tacit consent, and it made no objections thereto. If it was not ready at date of setting because of absence of witnesses, it could have asked for continuance. 2 R. S., sec. 5506. The general rule is that the case can be taken up at any time before return term. "Where the bill and notice of intended application for an injunction is filed, the defendant may at once file his answer, and the rules governing the action of the chancellor will be the same as those which prevail upon hearing on bill and answer." 10 Am. and Eng. Ency. of Law, 1006. The application to dissolve may be made before service of any process in the case. 10 Ency. Pl. and Pr., 1033; 1 Foster Federal Pr., sec. 235; 2 Daniel's Ch. Pl. and Pr., 1676; Kerr Inj., 564. And even before answer, as defendant has right to have case disposed of as soon as practicable. 10 Ency. Pl. and Pr. 1043; 2 Daniel's Ch. Pl. and Pr., 1676; Scebor v. Hess, 5 Paige Ch. 86. The rule is well settled that a party who relies upon the protection of the court by injunction, must use due diligence in the prosecution of his suit, and if he fails to use due diligence in expediting his cause, the injunction will be dissolved.

BLAND, P. J.—On the application of the appellant, and without notice to the defendants, a temporary injunction was awarded by the lower court, restraining defendants from carrying on a strike against the lithographing business of plaintiff and against the use of violence toward the employees of plaintiff to force them to quit plaintiff's employment, and prohibiting defendants from using violence toward persons w... in the plaintiff might employ, to deter such persons from entering its employment. The temporary order was on July 10, 1895, served on the Fennimore Association and on thirty-four individuals, some of whom were not named as defendants in

the petition. . On July 18, 1895, Fennimore Association No. 5 and thirty-two of the persons (who had been served with process of summons to answer the plaintiff's petition), appeared in court by their counsel and filed their joint answer, and on the same day and at the same time filed their motion to dissolve the injunction. On the ninth day of September, 1895, these defendants called up their motion to dissolve and asked for a hearing; plaintiff objected to taking up the motion, on the ground that the motion was made by a part of the defendants only, and that those who had not joined in the answer and motion, had not been served with process of summons, nor voluntarily appeared to the suit. The court overruled the objection and ordered the hearing of the motion to proceed; . plaintiff refused to offer any testimony in support of the petition, whereupon the court sustained the motion to dissolve, dismissed the petition, and dissolved the temporary injunction, whereupon the defendants who had answered filed a motion for an assessment of damages on the injunction bond. On the twelfth day of September, 1895, plaintiff filed a motion for new trial. At the October term, 1895, and on the twelfth day of October, 1895, other of the defendants filed a joint answer denying generally the allegations of the petition, and at the same time filed their motion to dissolve the injunction as to them. On April 17, 1896, the plaintiff asked to file a motion, whereby it moved the court to grant its motion for a new trial filed at a previous term, September 12, 1895, to set aside the former order of dissolution as to part of the defendants and to set the case down for hearing as to all of the defendants. The court refused to permit plaintiff to file this motion, to which ruling it duly excepted. The court then ordered that the trial be proceeded with; plaintiffs refused to take any part in the trial, whereupon the court dissolved the injunction and dismissed the petition as to the defendants who filed the second answer, whereupon these defendants filed motion for assess-

ment of damages on the injunction bond.   At the April term, 1896 (day of the term or of the month not stated), plaintiff filed its motion for rehearing, which motion and also the one filed on September 12, 1895, were on the twentieth day of April, 1896, by the court overruled, whereupon plaintiff appealed to the supreme court, which court afterwards transferred the cause to this court for decision, for the reason that appellate jurisdiction of the cause is vested in this court.

No disposition whatever was made in the trial court of either of the motions for assessment of damages on the injunction bond, and the cause is as to said motions yet pending in the circuit court, but the fact that no final judgment in the cause has been rendered by the circuit court, does not prevent the plaintiff from appealing from the orders of the circuit court dissolving the injunction.   R. S. 1889, sec. 2246, as amended by Session Acts of 1891, p. 70.   The record does not show when the motion for new trial was filed for review of the second order dissolving the injunction.   As it does not affirmatively appear that this motion for new trial was filed in four days from the making of the second order dissolving the injunction, this second order is not before us for review on the appeal, unless error is apparent from the face of that part of the record which culminated in the order, or is apparent upon the face of the whole record of the cause.   There is no irregularity in the filing of the second answer and second motion for dissolution, nor in the order itself, and if irregularity exists in any of the proceedings, it must be found in the record taken as a whole.   The contention of appellant is, that the order of dissolution first made is irregular in that it was made on the motion of a part of the defendants only and at a term when a number of the defendants had not been served with summons, had not voluntarily appeared, and were not before the court. This is the question and the vital one to be considered.

It appears from the pleadings that Fennimore Association No. 5 is officered by a president, a secretary and treasurer, and

that its membership is made up of artisans.    The petition alleges substantially that a strike was ordered by the association for the purpose of interfering with appellant's business, by persuading its employees to quit work for plaintiff, and failing in this to force them to quit by intimidation and violence, and by the same means to prevent others whom plaintiff might employ from working for it; that a strike committee was appointed by the association to carry out these purposes and that said committee with other members of the association did in fact, by violence and intimidation, both force employees of plaintiff to quit work and prevented others whom plaintiff employed from working.    It clearly appears from the allegations of the petition that the strike, intimidation and violence complained of were not set in motion by the individual effort of any one or more of the defendants, nor by all of the defendants acting in concert, but that the strike was ordered by Fennimore Association No. 5, acting through and by its officers, and that the intimidation and violence alleged were carried on, supervised and directed by a committee of Fennimore Association No. 5, duly selected and appointed for that purpose.    In short, that the strike, its incidents, and the means and methods of its enforcement were all under the control and subjected to the orders of the duly appointed officers and agents of the association.    The persons composing these officers and also the strike committee are all named in the pleadings and were all joined in the first answer and motion to dissolve.    The gravamen of the petition rested upon these defendants, the officers and strike committee of Fennimore Association, and they are the most essential, if not the only necessary parties defendant.    In such circumstances we do not think there was error in dissolving the injunction as to them, without waiting until the plaintiff might bring in all the defendants named in the petition by the service of process on them.    Spelling in his work on Extraordinary Relief, volume 2, section 1065, says:    "It is the general rule that an

injunction properly granted will not be dissolved until all the defendants have answered. But to this rule there are many exceptions. The rule properly goes no further than to require that there shall be no dissolution before an answer by the defendants on whom the gravamen of the bill rests." In volume 10, page 1080, American and English Encyclopedia Pleading and Practice, it is said: "It is enough if those defendants answer upon whom the gravamen of the charge rests." To the same effect is Adams v. Bank, 10 N. J. Eq. 540; Cape Sable Company's Case, 3 Bland 606, and numerous other cases cited in note 1, p. 1676, 2 Daniel's Chan. Pl. and Prac. High on Injunctions, volume 2, page 1167, says, that "the answer is required of those defendants only upon whom rests the gravamen of the charge, and when such defendants have fully answered denying the material allegations of the bill, the injunction may be dissolved, notwithstanding other defendants have not yet answered." Under this view of the first order we discover no irregularity in the second order of dissolution. It is proper, however, to suggest that but one final judgment can be rendered in the cause, and that the two motions for assessment of damages on the injunction bond, though filed by different defendants and at different terms, should both be heard at one time and be treated as one motion. With the concurrence of the other judges, the judgment is affirmed.