H. A. HELMKAMPF et al., Appellants, v. WILLIAM WOOD et al., Respondents.

**St. Louis Court of Appeals, April 24, 1900.**

1. **Injunction Bond: PARTIES IN INTEREST: JUDGMENT ON IN-JUNCTION BOND: PRACTICE, TRIAL.** If separate motions are filed by the joint obligees, who are real parties in interest in an injunction bond, then such motions should be treated and tried as one motion, and at the same time, to the end that all the parties plaintiff therein who are united in interest should be before the court, and that one final judgment should be rendered on the bond.

2. ——: ——: ——: ——: **WAIVER: PRACTICE, APPEL-LATE.** In the case at bar the motion for the assessment of damages on the injunction bond was made by one only of the real parties in interest. The defendants did not, on the trial of the motion, object either by answer or demurrer to the defect of parties plaintiff apparent on the face of the motion, and they can not make that objection for the first time in this court, but must be considered as having waived the same.

Appeal from the Bollinger Circuit Court.—*Hon. James D. Fox,* Judge.

AFFIRMED.

*John A. Hope* and *W. H. Miller* for appellants.

The injunction bond being payable to four joint obligees, viz.: Wm. Paar, mayor, the board of aldermen, the city of Jackson, and Wm. Wood, we say: (1) There can be no assessment of damages in favor of Wm. Wood separate from his co-obligees. "There can be no recovery of a judgment by one of several obligees on a joint cause of action which he had in common with others." (2) While insisting that there can be no recovery unless all the obligees join, we make

the further point that should it be held that circumstances may exist such as to authorize a recovery by one obligee alone, yet the facts in this case do not show any sufficient cause for the nonjoinder of the three co-obligees of Wm. Wood. The only excuse shown was that Wood's attorney had made a mere verbal request to the mayor for permission to join the city and the mayor's informal unofficial refusal. (3) The point that there can be no assessment of damages upon this motion of only one of the joint obligees was not waived by failure to demur or raise the question in an answer to the motion. McLaran v. Wilhelm, 50 Mo. App. 661; Steiman v. Strimple, 29 Mo. App. 478; State v. Hesselmeyer, 34 Mo. 76.

*J. W. Limbaugh* for respondents.

Application to the co-obligee and his refusal to join in the motion was sufficient to authorize respondent to prosecute his separate motion. There could certainly be no better reason for not joining a co-obligee than the refusal of the latter to be joined. It is certainly absurd to say that because one obligee refuses to join in the motion, the other one shall lose his remedy. In such case "the bond will be held a several obligation, although its language might be construed to cover merely an obligation to defendants jointly." High on Injunctions [1 Ed.], sec. 965. The case of Ohnsorg v. Turner, 33 Mo. App. does not apply here for the reasons: (1), that it did not appear in that case that application had ever been made to have the co-obligee join; (2), the motion in that case was filed after the lapse of the term at which final decree was entered. Ohnsorg v. Turner, 33 Mo. App. 486. This very point lately came before the supreme court in the case of Fears v. Riley, 147 Mo. 453. In that case, on dissolution of the injunction,

Laura Riley filed her motion for damages and George Robertson filed his motion for damages, on the injunction bond. Judgments being had by each of these parties for their respective damages, Fears sued out writ of error in the Kansas City Court of Appeals, which was transferred to the supreme court. The finding of the lower court, assessing damages on these separate motions, was affirmed by the supreme court. Fears v. Riley, 147 Mo. 453. These separate motions constituted distinct and separate actions in favor of each obligee. It is not apparent, that if both or either could recover on their separate motions, why one could not recover, when proceeding without any motion being filed by the other party. In the case of Nolan v. Johns, 108 Mo. 431, defendants having had judgment after trial of an injunction suit, on the merits, defendant, Johns, filed his motion for damages on the injunction bond. The motion was for damages against the principals alone, the sureties not being joined. During the progress of the trial, on the motion for damages, the sureties appeared and filed their motions to set aside the waiver of a jury. On motion of defendant these motions were stricken out, on the ground that the sureties were not parties to the suit and had no right to call on the court to entertain such motion. .The court also refused to hear evidence offered by the sureties, on the ground that they had no right to be heard in the proceeding. Johns had judgment on his motion and the sureties appealed. The supreme court reversed the case on the ground that the sureties had the right to appear and defend, and the cause was remanded for the assessment of damages. Besides, as appears from the petition, injunction was the sole remedy sought by this suit, and this being so, the authorities are uniform that the attorney's fees for the entire case are recoverable on the injunction bond; and this, too, whether or not the case was tried on a formal motion to dissolve, or on an answer putting

in issue the allegations of the bill. Elliott v. Railway, 77 Mo. App. 652; Hammerslough v. Ass'n, 79 Mo. 80; Buford v. Packet Co., 3 Mo. App. 159; s. c., 69 Mo. 611; Holloway v. Holloway, 103 Mo. 274; Brownlee v. Fenwick, 103 Mo. 420.

BIGGS, J.—This is an appeal from an assessment of damages on an injunction bond. The plaintiffs are property owners in the city of Jackson, Cape Girardeau county. In 1897 the municipal authorities of the city of Jackson provided by ordinances for the grading and improvement of certain streets in front of the lots owned by the plaintiffs. The contract for the work was awarded to the defendant Wood. To prevent the execution of the contract and the work thereunder, the plaintiffs applied to the judge of the probate court of that county for an injunction on the ground principally that the city council had failed to take the necessary steps to have the damages to plaintiffs' property ascertained and assessed as required by the statute. The temporary order was made upon the giving of the usual bond. Wood, the city of Jackson and the mayor of the city were made parties. Wood employed counsel to defend the suit. There was an answer filed for all of the defendants and a motion to dissolve. At this stage of the proceeding the venue of the cause was changed to Bollinger county. At the September term, 1897, of that court the temporary injunction was dissolved by reason of the failure of plaintiffs to give an additional injunction bond. Thereupon at the same term Wood filed his separate motion for an assessment of damages. The motion and the case were then continued until the September term, 1898, when the plaintiffs voluntarily dismissed the action. Upon the dismissal of the action the motion for the assessment of damages was taken up and a jury having been waived the matter was submitted to the court. Upon the

testimony adduced the court assessed $400 damages against the plaintiffs and the sureties on their injunction bond and a judgment was entered for that amount. The plaintiffs have appealed from the judgment.

The first contention is that there could not be a separate assessment of damages in favor of Wood; that the bond is a joint obligation, and that any action thereon, or the enforcement of any liability thereunder, must be at the suit of all the obligees in the bond. We can not agree to this. The case of Dewey v. Carey, 60 Mo. 226, supports the principle contended for, but that case was decided prior to the revision of the statutes in 1889. Section 5498, Revised Statutes 1889, reads: "No injunction, unless on final hearing or judgment, shall issue in any case, except in suits instituted by the state in its own behalf, until the plaintiff, or some responsible person for him, shall have executed a bond with sufficient surety or sureties to the other party in such sum as the court or judge shall deem sufficient to secure the amount or other matter to be enjoined, and all damages that may be occasioned by such injunction *to the parties enjoined or to any party interested in the subject-matter of the controversy,* conditioned that the plaintiff will abide the decision which shall be made thereon and pay all sums of money, damages and costs that shall be adjudged against him if the injunction shall be dissolved." The old section of the statute (R. S. 1879, sec. 2710), was amended by the section quoted by adding that portion in italics. The evident intention of the amendment was to extend the operation of the bond so as to protect all parties interested in the subject-matter enjoined against damages growing out of the injunction, which we think necessarily confers on any one so injured a separate or independent right to seek redress on the bond. While this question was not discussed by the supreme court in Nolan v. Johns, 108 Mo. 431 (1891), and Fears v. Riley, 147

Mo. 453 (1899), yet in both cases the court seemingly took it for granted that any party injured might have his damages separately ascertained. Thus in the Nolan case only one of the defendants sought by motion to have his damages assessed against the principal and sureties in the injunction bond. In the Fears case the two defendants filed separate motions and there were separate assessments.

Concerning the assessment of damages, the appellants asked the court to instruct as follows: "The court declares the law to be that upon this motion for an assessment of damages, attorneys' fees, loss of time and expenses incurred in attending the hearing of and resisting the application in the probate court for a temporary injunction will not be considered as elements of damages." The court refused this instruction. The action of the court is assigned for error, the contention being that the plaintiffs are only liable for the expenses incurred in securing a dissolution of the temporary injunction. If the point were conceded no prejudicial error could be predicated on the refusal of the instruction as to attorney's fees, for the reason that the second instruction asked by the appellants and which the court gave, expressly declared that only such attorneys' fees "as pertained to the dissolution of the temporary injunction could be allowed." And in the examination of witnesses touching the value of the services of defendants' attorney, the inquiry was limited to work done in securing the dissolution of the injunction. We do not understand from the record that any other items of damage claimed preceded or pertained to the preliminary order. This assignment will likewise be ruled against the appellants.

When the motion for the assessment of damages was called for hearing, which imediately followed the dismissal of the action, the appellants applied for a continuance on the ground of the absence of some of the plaintiffs in a neigh-

boring county, and of other witnesses whose testimony was deemed material. The court refused to grant a continuance and we are not disposed to interfere with its action. The appellants showed no diligence whatever. They knew that the motion was pending, and knowing before the term that their suit would be dismissed, they ought to have been ready for the trial of the motion.

The assessment of the damages by the court was within the evidence, and we can not therefore disturb it as being excessive.

There are other exceptions argued in the brief which we will not discuss, as the result would not be changed.

The judgment of the circuit court will be affirmed. Judges *Bland* and *Bond* concur in the result only.

### CONCURRING OPINION.

BOND, J.—The bond for the injunction having been made to the defendants as joint obligees, all the real parties in interest as such, should have joined, either in a suit on the bond, or in the motion for assessment of damages thereon, and in case of refusal of any such to join, those refusing should have been made defendants. (See Revised Statutes of 1889, section 1994, amending section 3466 of the Revised Statutes of 1879, as it had been construed in Ryan v. Riddle, 78 Mo. 521). If separate motions are filed by the joint obligees who are real parties in interest in an injunction bond, then such motions should be treated and tried as one motion and at the same time, to the end that all the parties plaintiff therein who are united in interest should be before the court, and that one final judgment should be rendered on the bond. Bank Note & Lithographing Company v. Fenimore Association, 79 Mo. App. 612; Fears v. Riley, 147 Mo. loc. cit. 457, paragraph 3. In the case at bar it appears that the motion for the assessment of damages on the injunction

bond was made by one only of the real parties in interest. The defendants did not on the trial of the motion object either by answer or demurrer, to the defect of parties plaintiff apparent on the face of the motion. They can not make that objection for the first time in this court, but must be considered as having waived the same. R. S. 1899, secs. 598-602; McConnell v. Brayner, 63 Mo. loc. cit. 463; Dewey v. Carey, 60 Mo. 224; Dodson v. Lomax, 113 Mo. 555; Rogers v. Tucker, 94 Mo. 346; Pike v. Martindale, 91 Mo. 268. Hence I concur in the affirmance of the judgment. Judge *Bland* concurs in the views expressed in this opinion.