A. J. SEAY, Appellant, v. G. W. SANDERS, Respondent.

St. Louis Court of Appeals, April 23, 1901.

1. **Practice:** PETITION OF FOUR CAUSES OF ACTION: STATED IN FOUR COUNTS: JUDGMENT ON TWO FIRST COUNTS. In a civil action, there can be only one final judgment, which must dispose of all the parties to the action, notwithstanding there may be a separate trial on each cause of action at the same or subsequent terms.

2. ———: ———: ———: FINAL JUDGMENT ON TWO CAUSES OF ACTION. After the court rendered final judgment on the first two causes of action, defendant was relieved of further appearance to the suit, and any judgment that might have been rendered against him would have been invalid.

3. ———: ———: ———: SERVICE OF PROCESS WAIVED BY APPEARANCE. The continuance, for several terms, of the third and fourth counts, which embraced different causes of action from the two adjudicated by the court, constituted an appearance and in legal effect was the institution of a new suit.

4. ———: ———: JOINT OWNERS MUST ALL BE PARTIES. While parties jointly interested may waive the tort and sue in assumpsit, one of such joint owners can not alone sue; his co-owner must be made either plaintiff or defendant.

5. ———: OBJECTION TO PETITION BY ANSWER OR DEMUR-RER, NOT WAIVED. The fourth count of plaintiff's petition set forth for a cause of action, a sale and delivery of cattle to defendant and his failure to pay the price for them. It contains no fact showing plaintiff's incapacity to sue, or of the cause of action offered to be proved: *Held*, that the non-joinder was not waived by defendant's failure to raise same by answer or demurrer.

6. ———: FOURTH COUNT: DEMURRER TO EVIDENCE. The trial judge would have been warranted in sustaining the demurrer to the evidence adduced in support of the fourth count on the ground that such evidence failed to establish the conversion of plaintiff's property or any sale of it by him to defendant.

Appeal from Crawford Circuit Court.—*Hon. Leigh B. Woodside,* Judge.

REMANDED *(with directions).*

*J. T. Woodruff* and *L. F. Parker* for appellant.

(1) I propose first to discuss the question of the non-joinder of J. M. Sanders as plaintiff, upon the theory, suggested by the opinion, that he was a partner, or joint owner, of the proceeds of the cattle, without, however, intending to concede this as a fact. It will be noted that the answer is a general denial, and the nonjoinder of J. M. Sanders is not pleaded as a defense. Section 598, Revised Statutes 1899, provides that "The defendant may demur to the petition when it shall appear upon the face thereof, * * * fourth, that there is a defect of parties, plaintiff or defendant." * * * (2) Section 602, Revised Statutes 1899, provides as follows: "When any of the matters enumerated in section 598 ·do not appear upon the face of the petition, the objection may be taken

by answer. If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject-matter of the action, and excepting the objection that the petition does not state facts sufficient to constitute a cause of action." 15 Ency. Plead. and Prac., 894; Horskotte v. Menier, 50 Mo. 158; Gimbel v. Pignero, 62 Mo. 240; Walker v. Deaver, 79 Mo. 664; Pike v. Martindale, 91 Mo. 268; Rogers v. Tucker, 94 Mo. 346; Dodson v. Lomax, 113 Mo. 555; Little v. Harrington, 71 Mo. 390; Force v. Squier, 113 Mo. 306; Pomeroy on Code Remedies, secs. 568 and 569.

*Farris & Norvell* for respondent.

(1) Replying further to appellant's first contention, and after an examination of the authorities by him cited, together with those we hereafter refer to, we believe the following principles of law are well established in this State: first, that where one has converted another's property into money or money's worth, the latter may waive the former's tort and sue on the implied contract for money had and received for the price realized from the converted chattels; or, second, he may sue for the conversion and recover the value of the property converted; third, he can not waive the tort of conversion where possession of the chattels was lawfully obtained, and sue on a contract for purchase and sale; and especially is this so in a court of common-law jurisdiction. Further, the measure of damages in these actions would be as follows respectively: first, the amount realized from the sale of the converted property; second, the value of the chattels at the time of their conversion; third, the price agreed upon in the contract of purchase and sale. Coughlin v. Lyons, 24 Mo. 533; Iba v. Railroad, 45

Mo. 469; Boone v. Stover, 66 Mo. 430; Hale v. Van Dever, 67 Mo. 732; Carson v. Cummings, 69 Mo. 325; Sandeen v. Railroad, 79 Mo. 278; Finley v. Bryson, 84 Mo. 664; Force v. Squier, 133 Mo. 306; Phillips v. Mastbrook, 24 Mo. App. 129; Robbins v. Railroad, 34 Mo. App. 609; Edwards v. Albrecht, 42 Mo. App. 497; 1 Waite's Actions and Defenses, p. 405; 1 Am. and Eng. Ency. of Law, p. 888; 3 Lawsons, Rights, Remedies and Practice, p. 1739, and Vol. 7, p. 5752. (2)   But admitting the most extreme doctrine claimed by appellant; that is, that he could waive a conversion of chattels, the possession of which was rightfully obtained and sue on an express contract for a purchase and sale, in this case there are yet two principles of law that would deny him that right: first, "when the gravamen of the transaction sounds in tort the plaintiff will not be indulged in this fiction if the effect of it is to gave jurisdiction over the subject-matter to a court which otherwise would not possess it, or to bring the case within the terms of a statute which otherwise would not include it."   Thus plaintiff, having three counts upon contract in his petition, could not for a fourth count waive a tort and sue on a contract in order to avoid the force of that statute, the construction of which plainly prohibits a joinder in the same petition of causes *ex-contractu* and *ex-delicto*.   Sandeen v. Railroad, 79 Mo. 278; Finley v. Bryson, 84 Mo. 664; Force v. Squier, 133 Mo. 306; R. S. 1889, sec. 2040.   (3)   Again, admitting all that appellant claims as to the waiver of a tort and suing in assumpsit, the question arises how shall the pleader indicate the fact that he has elected to waive the tort and sue in contract, and how is the defendant, upon examination of the plaintiff, to arrive at a knowledge of these facts?   We know of but one rule, and that is "that the character of a cause of action must in all cases be determined by an analysis of the averments in

the complaint, together with the nature of the relief demanded; and if there is any doubt whether the action is one sounding in contract in tort, every intendment is to be made in construing it in favor of the former." Bliss on Code of Pleading, sec. 153, and notes thereunder, and sec. 155, and notes thereunder; Pom. on Rem., sec. 568. (4) That a party can not sue upon one cause and recover upon another is a rule too well established to be controverted. And that there was a failure of proof on the fourth count of plaintiff's petition, we believe, under the law and the evidence in this case, is equally as well established, and that the action of the court in granting a new trial was right. Phillips v. Mastbrook, 24 Mo. App. 129; Jones v. Loomis & Snively, 19 Mo. App. 234; Price v. Railroad, 40 Mo. App. 189; Robbins v. Railroad, 34 Mo. App. 609; Whipple v. Building & Loan Ass'n, 55 Mo. App. 554; Pruett v. Warren, 71 Mo. App. 84; Carson v. Cummings, 69 Mo. 325 and 623; Waldhier v. Railroad, 71 Mo. 514; Price v. Railroad, 72 Mo. 414.

BOND, J.—In 1894, plaintiff sued the defendant upon four causes of action, the first two counts of the petition being based upon two promissory notes executed by defendant to plaintiff; the third count alleged an indebtedness for legal services rendered by plaintiff as the attorney of defendant; the fourth count of the petition set forth a sale and delivery of cattle by plaintiff to defendant, and asked judgment for the price. Defendant answered by a general denial. At the August term, 1896, of the circuit court, the first and second counts were submitted by the parties to the court sitting as a jury, who gave judgment in plaintiff's favor for the amount of the notes and interest sued for in these two counts, and continued the third and fourth counts of the petition. Thereafter, by consent of the parties, the causes of action set forth in the third

and fourth counts were continued until the August term, 1897, of said court, when defendant filed a motion to strike the same from the docket, on the ground that the former trial and judgment upon the causes of action for the two counts was an adjudication of the issues in this case, and that its subsequent retention on the docket of the court was without any authority of law, and averring further that the mover had not been thereafter summoned in the action, nor had he entered any appearance since the rendition of the aforesaid judgment. This motion was overruled, to which defendant filed a bill of exceptions, and the cause was again continued by consent of parties. Subsequently, defendant filed an answer of general denial, and for further defense realleged the grounds of his former motion to dismiss, and averred that he had paid off and satisfied an execution upon the judgment rendered on the aforesaid notes. On these pleadings the causes of action on the third and fourth counts were submitted to a jury, who returned a verdict in favor of plaintiff on the third count for one hundred and fifty dollars, and on the fourth count for eight hundred and nine dollars and eight cents. Defendant moved for a new trial. This motion was sustained by the court, on the ground that the evidence adduced by plaintiff, in support of the cause of action alleged in the fourth count of his petition, had no probative force and was erroneously received. As to the third count, the court gave the following reasons, to-wit: "And upon the third count the court finds no error in said trial, but is of the opinion that the two counts having been joined in one action, and no order having been made for a separate trial of said counts as required by section 2134, that the whole judgment must stand or fall as one case, and upon the ground that the court erred in its ruling upon the fourth count, it sets aside the judgment and verdict on the third count and sustained the motion for a new trial." Plaintiff appealed

from the order granting a new trial.

II.   In a civil action, there can be only one *final* judgment, which must dispose of all the parties to the cause. R. S. 1899, sec. 773; Sater v. Hunt, 75 Mo. App. 468.   While the statute authorizes the court upon the application of either party to a suit embracing several causes of action, to direct separate trials at the same or at different terms, yet it concludes the section, affording this right, in the following language: "The judgment upon each separate finding shall await the trial of all the issues." R. S. 1899, sec. 694.   Hence, the judgment rendered in this case upon the finding of the court on the first and second counts of the petition, was premature and unauthorized.   It should have been reserved until the determination of all the issues in the case.   Plaintiff having accepted that judgment in his favor and sued out an execution to enforce the same, thereby gave the defendant the clear right to move the dismissal of the suit upon the issues presented by the third and fourth counts of the petition.   For after this final judgment defendant was under no further obligation by virtue of the process which had been served upon him in this action, to answer plaintiff's demand for the remaining causes of action contained in the petition, and had defendant made seasonable objection to the further prosecution of these causes of action, or had he abstained from any further appearance in the case, the court would not have acquired jurisdiction of his person, and no valid judgment could have been rendered against him. But the continuance of the third and fourth counts which embraced causes of action totally distinct from the two which had been submitted to the court sitting as a jury, was in legal effect the institution of a new suit against the defendant. These causes of action were not adjudicated by the trial of the two counts upon the notes given by defendant.   They were neither submitted to the court, nor embraced in its findings.   As to

them the plaintiff had the clear right to file a new suit. Instead of doing that, he took a continuance until the next term of the court. Up to this point, defendant was under no obligation to make any further appearance in the case, no new process having been issued against him. He, however, voluntarily appeared at the next and several successive terms of the court and consented to a continuance of the causes of action set forth against him in the third and fourth counts. Under all the authorities, this was such an appearance as gave the court jurisdiction of his person; it having already jurisdiction of the subject-matter. Hence defendant was not thereafter in a position to move to dismiss the causes of action for want of new process against himself, and the court did not err in overruling his motion to that effect, made after he had joined in repeated continuances in the same causes of action. Baisley v. Baisley, 113 Mo. 544; Peters v. Railroad, 59 Mo. 406.

III. The next question presented by this appeal relates to the reasons given by the court for its award of a new trial. In support of the cause of action alleged in his fourth count, the plaintiff gave evidence that he had furnished money to the son of defendant with which to buy fifty head of steer calves, upon a written agreement that the expenses of their keep for three years, or a less time, if mutually agreed upon between plaintiff and the son of defendant (J. M. Sanders), should be borne by the latter, when they should be marketed, and plaintiff should receive in lieu of his contribution of money and loss of interest, one-half of the gross proceeds of the sale and the said J. M. Sanders should receive the other half of the gross proceeds of the sale of such cattle, with a further proviso that upon failure on the part of J. M. Sanders to perform his obligation, then plaintiff should *"take possession of said cattle and place them in the charge of some good trusty person until they get ready for market, and any cost accruing on that ac-*

*count shall be deducted from my share of the cattle when sold."* Plaintiff gave evidence that said J. M. Šanders devolved the performance of his part of the contract upon his father, the defendant in this suit, who appropriated or disposed of the cattle for his own benefit. This contract between plaintiff and J. M. Sanders, if it did not create the relation of partners, certainly created a joint ownership in the proceeds of the sale of the cattle. Conceding, for the sake of argument only, that the parties jointly entitled might waive a conversion of the cattle and sue in assumpsit for their value under our practice act, as also might have been done at common law (Force v. Squirer, 133 Mo. 306; Coughlin v. Lyons, 24 Mo. 533), still one of the joint owners is not entitled to such action without joining his co-owner as defendant, if he refuses to unite as co-plaintiff. R. S. 1899, sec. 544; Miller v. Crigler, 83 Mo. App. 395, and cases cited; Little v. Harrington, 71 Mo. 390; Muldrow v. Railroad, 62 Mo. App. 431. It is insisted, however, by the learned counsel for appellant, that the nonjoinder of J. M. Sanders, as co-owner of the cattle and their proceeds, was not taken advantage of, either by demurrer or answer, and hence, was waived by the provisions of the statutes. R. S. 1899, secs. 598, 602. The fourth count of the petition only set forth a cause of action for a sale and delivery of cattle to defendant and his nonpayment of the price. This count did not show that plaintiff lacked legal capacity to sue, and, hence, was not subject to a demurrer for that reason. R. S. 1899, sec. 598. It was met by a general denial in the answer. The cause of action which the evidence, adduced by appellant, tended to establish, was not a breach of contract of sale, but a conversion by defendant of certain cattle which were owned jointly by appellant and one J. M. Sanders; for the contention of appellant, that he had acquired the interest of said Sanders, in the cattle in question by virtue of a contract

appended to a note executed to him by said Sanders, is not sustained by the last clause in said contract, which is to-wit: "I also agree that the said A. J. Seay have a lien upon my interest in a certain lot of calves, known as partnership cattle, the said A. J. Seay having furnished the money for the pur· chase of said cattle, to be raised by me on shares. J. M. Sanders." This clause merely created an equitable lien in favor of Seay (if it was sufficiently descriptive of the cattle to affect them at all), and did not vest him with the title to said cattle. The cause of action alleged in the fourth count of the petition gave respondent no hint of the one as to which appellant subsequently gave evidence. It, therefore, did not impose upon him the duty of a special denial of the right of appellant to recover in his own name for a conversion of property which he owned jointly with another; for no defend- ant could be required to plead in advance the plaintiff's ab- sence of right to sue for an *unalleged* cause of action. The law does not impose the duty of legal divination upon a defend- ant; he is only required to make apt defense to the cause stated by the plaintiff. The only possible theory upon which the plain- tiff in this case was entitled to a judgment under the fourth count of his petition, was a showing in evidence that he, as owner of the cattle in dispute, had suffered a loss of their value by the tortious act of respondent in converting them to his own use, and a waiver on the part of appellant of this wrong and the assertion of a fictional sale of the goods and a refusal of respondent to pay the purchase price. Clearly, therefore, unless the evidence adduced on the trial tended to show all the elements which would have entitled the appellant to recover for a conversion of the property, he could not thereafter re- cover as for a breach of the contract of purchase. The general denial in respondent's answer, sufficed to traverse all the facts which it was necessary for appellant to prove in order to es-

tablish a conversion of his goods.    In the adduction of evidence on this point, it appeared from the original contract made between appellant and A. J. Seay, and also from the contract appended by J. M. Sanders to the note given by him to appellant—that he and appellant were joint owners of the property. Had appellant brought an action in his own name for the recovery of this property, either of replevin or detinue—a general denial to such an action would have precluded a recovery on account of the nonjoinder of the co-owners of the property. Upham & Gordon v. Allen, 76 Mo. App. 206.    As such a general denial would have been sufficient to raise the question of the non-joinder of a necessary party, if appellant had sued independently for the recovery of the converted property, it must follow that it has the same effect in an action by appellant alone to recover the proceeds of the joint property, which can only be sustained upon a showing, first, of a right in himself to recover it for the tort or wrongful act of the respondent, and, secondly, a waiver of the right to redress for the tort of respondent and the substitution therefor of a demand for the breach of a contract.    In brief, appellant could not recover in the fictional relation as promisee, unless he could have recovered for the tort of respondent, and, as it has been shown that he would have had no redress for the wrong, under the facts in this record, had he sued without joining his co-owner, if a general denial had been interposed to such an action; it follows that he was not entitled to recover under the fourth count in the petition in this cause, which he sought to uphold solely by proof of a conversion on the part of respondent, and a waiver by himself of the rights thus accruing; for if he was debarred from any redress for the conversion, there was nothing to waive.    It follows that the contentions urged by the learned counsel for appellant on the rehearing of this cause are untenable.

IV. Upon the facts in this record, the trial judge would have been warranted in sustaining the demurrer to the evidence adduced in support of the fourth count on the ground that such evidence failed to establish the conversion of appellant's property or any sale by him to the respondent. Having failed thus to rule, the trial judge properly sustained the motion for new trial as to the fourth count; he erred, however, in granting a new trial as to the third count, whereon a verdict was had without legal error. On the remand of this cause, the trial court is hereby directed to overrule the motion for new trial on the third count, and sustain it as to the fourth count, with the privilege on the part of appellant to amend said fourth count, if that may be done without a misjoinder of causes of action, or consistently with the rendition of one final judgment herein, as to which propositions no opinion is now expressed. And, with the further privilege on the part of appellant, in lieu of the foregoing, to elect to take a judgment dismissing the cause of action on the fourth count, without prejudice to his right to bring another suit therefor. This cause is, therefore, remanded to be proceeded with in accordance with the directions herein given. Judge *Goode* concurs; Judge *Bland* takes no part in the decision of this case.