FRANK WARREN, Appellant, v. CHICAGO, BUR-
LINGTON & QUINCY RAILWAY COMPANY,
Respondent.

Kansas City Court of Appeals, December 3, 1906.

1. **TRIAL PRACTICE: Verdict: Judgment: Motion for New Trial.**
Though a judgment be entered on the verdict before the filing
of motions for new trial and in arrest it is not a finality until
such motions are disposed of.

2. **APPELLATE PRACTICE: Appeal: Res Adjudicata: Judgment:
Staying Execution.** Judgment was entered on the verdict
against two defendants. Motions for new trial and in arrest
were filed by each and sustained as to the one and overruled as
to the other when the latter moved to strike the judgment from
the record which also was overruled. The defendant then ap-
pealed, but only called the attention of the appellate court to
the questions of assumption of risk and contributory negligence.
The cause was affirmed and thereafter the plaintiff sued out an
execution and the defendant sought to have the same stayed
because of the irregularity in entering the judgment. *Held,* it
could have raised these questions on its appeal and is concluded
as to all matters contained in the record on the appeal; but the
trial court should have corrected its record to correspond with
the facts and there was no authority to stay the execution.

Appeal from Clinton Circuit Court.—*Hon. Alonzo B.
Burnes,* Judge.

REVERSED.

*Pross T. Cross* and *W. S. Herndon* for appellant.

(1) The fact that the judgment was entered before
the motions were filed is immaterial. The filing of those
motions suspended the judgment and it did not become
a finality until after the motions were overruled. State
ex rel. v. Smith, 104 Mo. 423; Lane v. Kingsbury, 11 Mo.
412; Thomas v. Thomas, 64 Mo. 353; Givens v. Van
Studiford, 86 Mo. 149; Stephen v. Brown, 56 Mo. 23;
Scott v. Scott, 44 Mo. App. 600. (2) That part of the

verdict, following the words, "We the jury find for the plaintiff and assess his damages at eight hundred dollars," was surplusage, pure and simple and it was not within the province of the jury to prorate the damages between the defendants. The verdict was complete in itself, as above set out, without the surplusage. Hancock v. Buckley, 18 Mo. App. 459; Poulson v. Collier, 18 Mo. App. 603; State ex rel. v. Haight, 46 Mo. 83; Raney v. Rader, 48 Mo. 539; 29 A. and E. Ency. Law (2 Ed.), 1026; Jones v. Railroad, 89 Mo. App. 664.

*E. C. Hall* for respondent.

(1)   Such effect should be allowed to the findings of the jury, if consistent with legal principles, as will most nearly conform to their intent. 29 Ency. Law (2 Ed.), 1023; Mullin v. Hospital Association, 73 Mo. 242. (2)   "The form of the verdict seems to be immaterial, so the intention of the jury is sufficiently apparent." 29 Ency. of Law (2 Ed.), p. 1038; McCormick v. Hickey, 24 Mo. App. 362; Ryors v. Prior, 31 Mo. App. 555; Cordage Co. v. Yeargain, 87 Mo. App. 56; State v. Hesterly, 178 Mo. 43.

BROADDUS, P. J.—This proceeding was instituted by the defendant to stay an execution issued in the above-entitled cause. The suit of plaintiff was against the defendant and the Chicago, Rock Island and Pacific Railway Company. The cause was tried and the jury returned the following verdict: "We, the jury, find for plaintiff and assess the damages at eight hundred dollars ($800). Four hundred dollars ($400) against the C. B. & Q. Ry. Co., and four hundred dollars ($400) against the C. R. I. & P. Railway Company."

Before any motions for new trial or in arrest of judgment were filed, the clerk entered a judgment on the record against both defendants for $800. Afterwards, separate motions for a new trial and in arrest

of judgment were filed by the defendants. Those of the Chicago, Rock Island and Pacific Railway Company were sustained, and those of the Chicago, Burlington and Quincy Railway Company overruled. The latter then moved to strike the judgment from the record, which was also overruled. The case was then appealed by it to this court, where it was affirmed. It is reported in 113 Mo. App. 498. There was no question raised on said appeal as to any irregularity or defect in said judgment.

The trial court on defendant's petition to stay said execution rendered judgment staying one-half or $400 of said execution and the plaintiff appealed. Defendant contends that the finding against it was for only $400 and not for $800, the amount of the execution.

We attach but little importance to the fact that the judgment entered on the verdict was entered before the motions for a new trial and in arrest of judgment had been passed upon by the court. The judgment itself was not a finality until such motions were disposed of. [State ex rel. v. Smith, 104 Mo. 419; Thomas v. Thomas, 64 Mo. 353.] After it was rendered, however, defendant moved to strike it from the record. The whole case was then appealed to this court, but it seems that defendant failed to insist that the judgment was in excess of the verdict, as it might have done.

The defendant raised only two questions on its appeal, viz.: that plaintiff assumed the risk of the employment and that he was guilty of contributory negligence. The defendant has had its day in court and is concluded as to all matters contained in the record on its appeal, in which appears its motion to expunge from the record the judgment in the case; the grounds assigned being that the motions for new trial on the part of defendants were pending at the time it was entered, and because the said judgment was entered against both defendants and the same has been set aside by the court as to its

co-defendant. Defendant ought not to be permitted to try its case in piecemeal. There was a judgment against it, which it contends was not authorized by the verdict, which, if true, this court was authorized to correct on appeal. It was the duty of the trial judge to have corrected the error, if there was one. We know of no statute authorizing a proceeding in instances of this kind. If the proceeding should be sustained, although it is a motion to stay the execution, the effect is to reverse and vacate the judgment. Such a proceeding cannot be maintained except in cases where the defendant has not been summoned, or has not appeared to the suit, or has been made a party as the representative of one who has appeared or been summoned. [Section 777, R. S. 1899.]

It is unnecessary for us to determine whether the judgment was authorized by the language of the verdict. That question is *res adjudicata*.

Reversed. All concur.