## PRICE v. SANDITEN et al.

No. 22801.   Nov. 13, 1934.

Rehearing Denied Dec. 18, 1934.

W. A. Barnett and Charles A. Dickson, for plaintiff in error.

Silverman & Rosenstein, for defendants in error.

BUSBY, J.   This action was commenced in the district court of Tulsa county by H. Sanditen and M. Sanditen against Charles Price, sheriff of said county, in which it was sought to enjoin the defendant from levying an execution against certain property of plaintiffs.   A temporary restraining order was issued at the commencement of the action, and after the trial thereof an injunction was granted permanently enjoining and restraining the sheriff from levying execution upon the property of plaintiffs.   From said judgment, defendant has appealed.   The parties will be referred to as they appeared in the trial court.

The judgment in question was rendered by the district court of Okmulgee county in an action pending before said court, being No. 8791, styled Bank of Commerce of Okmulgee, Oklahoma, and Roy Walcott, as Bank Commissioner of the State of Oklahoma, Plaintiffs, against H. C. Cook, Oklahoma City Salvage & Supply Company, H. Sanditen, and M. Sanditen, Defendants.

The action was filed by the bank against the defendants above named on September 26, 1921, as a suit upon a promissory note. The bank failed in October, 1921.   The state of Oklahoma was substituted as a party plaintiff on November 15, 1921.   Judgment was entered on December 14, 1922; on December 16, 1922, a motion for new trial was filed; on December 18, 1922, a motion to vacate and for a new trial was filed and another motion to stay execution, but these papers were lost; on February 11, 1924, an order was entered overruling all motions; on May 26, 1928, a general execution was issued, delivered to the sheriff, and returned by him on July 10, 1928, showing "No property found."   On July 5, 1929, the judgment was assigned to one A. E. Graham; on December 11, 1930, an execution was issued and directed to the sheriff of Tulsa county, which is the execution herein involved.

Among other contentions made by the defendant, it is argued that the final judgment in this cause in Okmulgee county was not rendered until the motion for new trial therein was overruled on February 11, 1924, and, consequently, the execution herein was issued in the time required by section 442, O. S. 1931.   Said section provides as follows:

"If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered, in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor; provided, that this section shall not apply to judgments against municipalities."

We are therefore called upon to determine whether the five years provided in the above section begin to run from the date the judgment is originally entered or from the date a motion for new trial is overruled.   The exact question has not been heretofore presented to this court, and in the absence of a previous positive decision has been productive of considerable confusion in our practice.

We do not believe that it was the intention of the lawmakers that the five-year period provided in section 442, supra, should begin to run until a judgment becomes final. Section 416, O. S. 1931, defines a judgment as follows:

"A judgment is the final determination of the rights of the parties in an action."

The courts have many times pointed out that there can be but one final judgment in any action.

Under the common law, four days were allowed after verdict in which to move for a new trial or an arrest, and a judgment signed before the expiration of such four days was fatally irregular and subject to be set aside. If during that time a motion for a new trial was made, judgment was further suspended until disposition of the motion. Under our statutes, the time for filing such motion is limited to three days. The district court, by the provisions of section 556, O. S. 1931, is vested with considerable power and latitude to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made. The confusion in our practice is due in some degree to the provisions of section 546, O. S. 1931, which was construed first in the case of Barnett v. Bohannon, 27 Okla. 368, 112 P. 987, wherein this court, following a number of Kansas decisions, held that a motion for a new trial of itself did not operate to stay execution. It was also held that the trial court was vested with power to stay or arrest all process until a motion for a new trial was disposed of. This case was followed by the case of Scott v. Joines, 71 Okla. 89, 175 P. 504, and Sautbine v. U. S. Cities Corp., 114 Okla. 110, 243 P. 499. As we view it, said authorities are not decisive of the question here presented. The fact that an execution may be issued on a judgment does not by any means determine the finality of such judgment.

Our sister states of Texas and Missouri have statutes very similar to our own. In the recent case of Cox v. Frank L. Schaab Stove & Furniture Co. (Mo.) 58 S. W. (2d) 700, it is said:

"This court has frequently and consistently ruled, not only that there can be only one final judgment in a case (Russell v. Railroad, 154 Mo. 428, 55 S. W. 454; Seay v. Sanders, 88 Mo. App. 478), which must dispose of all the issues and all the parties, but also that such final judgment cannot properly be, and in legal contemplation never is, rendered or entered until after motion for new trial or arrest of judgment is acted on or the time for filing same expired; and, if a new trial is granted, not till the new trial is had or the case finally disposed of. Holland v. Marshall (Mo. App.) 181 S. W. 124; Scott v. Scott, 44 Mo. App. 600; Cramer v. Barmon, 193 Mo. 327, 91 S. W. 1038. In legal contemplation the date of the judgment is the date when the motion for new trial is overruled. Walter v. Scofield, 167 Mo.

537, 67 S. W. 276; Scott v. Realty Co., 241 Mo. 112, 122, 145 S. W. 48, 50, where it is said: 'In theory, the judgment follows the order overruling the motion, though in practice it precedes it.' And, if such motion is granted, the case is left pending, and no final judgment is entered till the new trial is had or some equivalent action taken. If a judgment final in form is entered without awaiting the filing or disposal of the motion for new trial or in arrest of judgment, such judgment is in fact merely interlocutory, from which no appeal will lie. Costello v. Kansas City, 209 Mo. App. 155, 232 S. W. 165."

In the case of Holland v. Marshall (Mo. App.) 181 S. W. 124, it is said:

"The statute (sec. 2090, R. S. 1909) defines 'judgment' as 'the final determination of the right of the parties in the action.' It is held in Wolff v. Vette, 17 Mo. App. 36, that a 'final judgment' is one in which the court's jurisdiction has been exhausted as to the matters decided, and that this is the test of a final judgment for the purpose of determining the right of appeal in this state. It is held, also, that but one final judgment can be rendered in any cause. Russell v. Railway Co., 154 Mo. 428, 55 S. W. 454; Baker v. City of St. Louis, 189 Mo. 375, 88 S. W. 74; Seay v. Sanders, 88 Mo. App. 478; August Gast Bank Note & L. Co. v. Fennimore Ass'n, 79 Mo. App. 612. And it is held (though not in a case like this) that under this statute a judgment is not final until the rights of all the parties to the action are finally determined. Deck v. Wright, 135 Mo. App. 536, 116 S. W. 31. As said in Scott v. Scott, 44 Mo. App. loc. cit. 602, 603 (and many other cases):

" 'Technically and properly, the judgment of the court after its decision, or after verdict, should not be rendered until after the expiration of four days, in which a motion for a new trial may be filed, if the term so long continues. * * * And if such motion for new trial be filed, the judgment is, of course, suspended until it is overruled.'

"And in Walter v. Scofield, 167 Mo. loc. cit. 548, 67 S. W. 276, the court said that the date upon which the motion for a new trial is overruled 'is the time when the final judgment is rendered and the trial court finally acted.'

"In Cramer v. Barmon, 193 Mo. loc. cit. 329, 91 S. W. 1038, the court said:

" 'At common law, and theoretically under our statute, a judgment is not entered upon a verdict until after the motions for new trial and in arrest of judgment have been overruled. As a matter of practice in this state the custom has grown up of entering the judgment upon the verdict immediately upon the coming in thereof and before the filing of the motion for new trial or in arrest. This is done to prevent the party against

whom the judgment is entered from disposing of his property between the date of the returning of the verdict and the entry of the judgment; but, theoretically, the judgment is not entered until after those motions have been acted upon by the court.' "

In the case of Romine v. Haag (Mo.) 178 S. W. 147, it is said:

"After the coming in of the verdict, the defeated party has four days in which to file his motion for a new trial, and after the motion is filed, the matter remains in the breast of the court until disposed of, there being no final judgment until then."

In the case of Lusk v. Kansas City Seed & Grain Co. (Mo. App.) 204 S. W. 742, it is said:

"The nunc pro tunc order properly entered the judgment as of the date the motions for new trial and in arrest were overruled, since 'a judgment is not considered to be rendered until the motion for new trial is overruled.' Moliter v. Wabash R. Co., 180 Mo. App. 84, 94, 168 S. W. 250; Warren v. Chicago, Burlington & Q. R. Co., 122 Mo. App. 254, 99 S. W. 16; State ex rel. v. Smith, 104 Mo. 419, 423, 16 S. W. 415."

In the case of Costello v. Kansas City (Mo. App.) 232 S. W. 165, it is said:

"There can be no final judgment against a defendant till its motion for new trial is disposed of; so for the court, in rendering judgment against it in the meantime, to declare it interlocutory, is neither necessary nor error."

In the case of Kentz v. Kentz (Tex. Civ. App.) 209 S. W. 200, it is said:

"It is well settled that the court, during the term at which a judgment is rendered, has plenary power over it, and may vacate, modify, correct, or change it at discretion. This power extends not only to matters of clerical mistake, but the court, if it concludes that a mistake as to the rights of the parties has been committed, may vacate the judgment rendered and render such judgment in its stead as he may conclude is proper, provided, of course, that the intervention of the jury is not necessary and it does not involve the entry of a judgment against the verdict of the jury. The term in respect to the control of the court over the judgment is regarded as a unit, and the court does not, during such time, lose control of his power to act in the case, so that, in one sense at least, the judgment may not be said to be final until the end of the term at which it was rendered. Blackburn v. Knight, 81 Tex. 326, 16 S. W. 1075; Cohen v. Moore, 101 Tex. 45, 104 S. W. 1053; Williams v. Huling, 43 Tex. 120; and authorities cited in Michie's Digest, vol. 11, p. 99, et seq.; Black on Judgments, sec. 153; vol. 23, p. 901."

In the more recent case of Rabinowitz v. Darnall (Tex.) 13 S. W. (2d) 73, it is said:

"'* * * A judgment is not final in the sense that it binds, until the motion for new trial has been overruled, or the time within which such motion can be filed has expired. Until that time it is usually only interlocutory. This usual effect is somewhat modified by our statute, authorizing an execution on such judgment unless the issuance is suspended by a bond executed by the defendant. Rev. Civ. Stat. art. 2236. But such provision necessarily recognizes that, but for the special authorization, execution could not issue prior to the two years within which the motion for new trial may be presented, and the entire article unmistakably shows that such judgment is not to be finally binding as an adjudication until the expiration of two years after the same was rendered, for it expressly confers upon the court the power to grant a new trial within that time, and the corollary right of the defendant to have such new trial if good grounds are shown."

In the case of Pearce v. Strickler, 9 N. M. 46, 119 P. 727, it is said:

"'* * * At common law the judgment was not entered until the conclusion of the cause, and therefore not until the motion for a new trial had been determined. Under our practice the rule is otherwise, and the judgment may be immediately entered upon the verdict, and the motion for a new trial may be made and passed upon afterwards. When the motion is filed in proper time, the proceeding is in fieri until the motion is denied; and until then the judgment must be considered as in paper, or as suspended as a roll in the common-law sense, by the motion. Spanagel v. Dellinger, 34 Cal. 482; State v. Kansas City Court of Appeals (Mo.) 16 S. W. 415; Higginbotham v. Campbell (Ga.) 11 S. E. 1027; Wheeler v. Barr (Ind. App.) 33 N. E. 975. * * *"

In the case of Everett v. Jones, 32 Utah, 489, 91 P. 360, it is said:

"A judgment is not final while a motion for a new trial made within the time allotted by law is pending and undisposed of."

In the case of McClellan v. Wood (Fla.) 83 So. 295, it is said:

"A trial of an action at law is not concluded, where a motion for new trial is duly made therein, until the motion for new trial is finally disposed of."

In the case of Vogelsang v. Fredkyn, 133 Ill. App. 356, it is said:

"A judgment is not final, in the technical sense, until a motion for a new trial, which has been interposed thereto, has been overruled."

The above authorities are very helpful in arriving at a satisfactory construction of our own statutes. Under our procedure, there is no inhibition against entering a judgment immediately after the verdict and in the event a motion for new trial is not filed within the statutory time, said judgment becomes final. If within said period of time a motion for new trial is filed, it thereupon becomes the duty of the trial court to review its action, and if error has been committed, to correct the same by virtue of the authority granted in section 556, supra. This is a wise provision in the law and gives opportunity to the trial court to study and review its action to the end that appeals may be avoided.

It is only after the trial court has reviewed its action and has arrived at the conclusion that no error has been committed and has overruled a motion for new trial that the litigation in the trial court is actually terminated. The court retains full jurisdiction and is vested with full authority to revoke any orders previously made. It is not until the motion for new trial is overruled that the trial court loses its jurisdiction in the case.

If we were to say that a judgment rendered immediately after verdict is a final judgment, there would be created the anomalous situation of a rendition of two final judgments in a case where a motion for new trial was filed and overruled. This we cannot do. As heretofore pointed out, our statute declares that a judgment is the "final determination of the rights of the parties in an action." We find no just cause or reason for construing the statute to mean anything except what it says. Therefore, a judgment rendered pending a motion for new trial is not in the strict sense of the word a judgment, but a mere interlocutory order which attaches itself against the real property of defendant from that date as a lien (sec. 437, O. S. 1931), and upon which an execution may be issued in the absence of a stay properly granted. (Sec. 546, supra.)

We see no harm in defining such interlocutory orders as judgments provided the distinction between interlocutory and final judgments is definitely pointed out and clearly recognized.

We recognize that in some jurisdictions, upon the overruling of a motion for new trial, the final judgment is dated back to the date of its original entry. However, in view of the continuing jurisdiction of the trial court, we believe that the rule announced in the above citations is more in keeping with the spirit and purpose of our procedural statutes.

In the instant case, the execution of May 26, 1928, was issued within the time provided by section 442, supra, and by the terms thereof the later execution of July 5, 1929, was not barred by the provisions of said statute, and the trial court erred in granting an injunction enjoining and restraining the defendant sheriff from levying the same upon the property of plaintiffs.

Having taken this view of the matter, it is unnecessary to consider the other contentions of the parties.

Judgment of the trial court is reversed and the cause remanded, with directions to enter a judgment in conformity with the views herein expressed.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and WELCH, JJ., concur. RILEY, C. J., and ANDREWS and BAYLESS, JJ., dissent.