## ERNST vs. THE STEAMER "BROOKLYN."

*Order as to retaxation of costs not appealable — Remedy.*

1. A motion for a retaxation of costs is not a "special proceeding," nor a "summary application in the action after judgment," within the meaning of subd. 2, sec. 10, ch. 264, Laws of 1860; nor does it "involve the merits" of the action, within the meaning of subd. 4; and the order made upon such motion is not appealable.

2. The party aggrieved by the order, having duly excepted thereto, may take advantage of the error on appeal from the *judgment*.

APPEAL from the Circuit Court for *Winnebago* County.

The defendant moved the court below for a retaxation of the costs in this cause, basing the motion upon the records and files in the cause, and his affidavit, etc.; and appealed from an order allowing the motion as to certain items, but denying it as to the remainder of those objected to.

*Gabe Bouck*, for appellant.

*Felker & Weisbrod*, for respondent.

DIXON, C. J. If the order in question is appealable to this court, it must be by virtue of subdivision 2 of section 10, or the first paragraph of subdivision 4 of the same section, chapter 264, Laws of 1860. Subdivision 2 gives an appeal from a final order, affecting a substantial right in special proceedings, or upon a summary application in an action after judgment. The first paragraph of subdivision 4 gives an appeal when the order involves the merits of an action, or some part thereof. The special proceedings here spoken of are unquestionably the same mentioned and defined by the Code of Procedure. All remedies in the courts of justice are divided into actions and special proceedings. An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement

Ernst vs. The Steamer "Brooklyn."

or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Every other remedy is a special proceeding. R. S. ch. 122, §§ 1, 2. It may not be easy in all cases to determine what is a special proceeding. But many proceedings will be readily recognized as such; as proceedings to attach for contempt, to obtain discovery of books, etc. ; proceedings supplementary to an execution; and many others. And others again will be as readily recognized not to be special; and, among these, we think, all the necessary and ordinary steps or proceedings taken in an action to conduct it to a final hearing and judgment. Such was the proceeding here. It was the necessary and ordinary one to obtain a retaxation and adjustment of the costs to be recovered in the action. It was not a special proceeding, within the meaning of the statute.

Was the order one made upon a summary application in the action after judgment? Such is not our understanding of it. An application to set aside an execution issued in the action, or the levy made under it, or for a stay of proceedings upon it, or to direct the judgment to be satisfied of record, would be such an one; but this clearly was not.

It remains to be seen, then, whether it was an order involving the merits of the action, or some part thereof. It seems clear that it was not. The merits of the action had been tried and determined; and it was not the purpose or object of the order to interfere with them in the slightest particular. It does not do so; and, therefore, cannot be said to involve the merits of the action. If the statute had read "the merits of the judgment, or some part thereof," the order might have been appealable; but now it is not, and the only remedy of the party aggrieved is that pointed out in *Cord v. Southwell* (15 Wis. 211), and sustained in *Hitchcock v. Merrick* (id. 522).

*By the Court.* — Appeal dismissed.