[No. 4861.]

HELENA C. FRASER *v.* JAMES W. THRIFT.

LEVY OF EXECUTION.—The court has no power to make an order directing a sheriff to enforce an execution by levying on a particular piece of property.

APPEAL from the District Court, Fourth Judicial District, County of Monterey.

The plaintiff recovered a judgment in said court, on the

28th of April, 1873, against the defendant, for $12,000 and costs. The plaintiff's attorney placed an execution in the hands of J. B. Smith, the sheriff of Monterey County, and requested him to levy on a particular tract of land in said county. The sheriff declined. Thereupon the plaintiffs procured the order of court mentioned in the opinion.

*William Irvine*, for the Appellant.

The sheriff was the sole judge of his own duties. The order is without precedent.

*McAllisters & Bergin*, for the Respondent.

The duty of the sheriff to sell under the writ is clear, and the power of the court to enforce performance of that duty is equally obvious. In making such sale the sheriff assumes no liability, for he does not covenant for title, nor does he make himself liable for conversion of property, as in case of sale of personal property. The order of the court directing the sale is made in an action to which all the persons affected thereby are parties, and it consequently is a complete protection to him. (*McCullough* v. *Clark*, 41 Cal. 298; *Demarest* v. *Darg*, 32 N. Y. 290.)

By the COURT:

On the motion of the plaintiff in execution, the court ordered the sheriff holding the writ to levy it upon a particular tract of land, claimed by the defendant in the writ to be exempt from forced sale on the ground that it was his homestead. The sheriff having refused to levy the execution on the land for this reason, and the court finding that the land was not exempt as a homestead, made an order directing the sheriff to proceed with the levy, from which order the sheriff appeals. Counsel have failed to produce any precedent for such an order, and it is easy to see that if such a practice prevailed, it might, in many cases, result in serious perplexities. If so great an innovation in practice is to be introduced, it should be done by the Legislature and not by the courts.

Order reversed.