GEORGE E. CHURCH, et al., v. C. W. GOODIN.

NEW TRIAL; *Power of Court.* The pendency of a motion for a new trial does not necessarily stay proceedings upon a judgment rendered in a civil case. After a return of the verdict of a jury, the court has the power, however, to reserve the case for future argument or consideration, and either stay or arrest all process until the motion for a new trial is disposed of.

*Error from Franklin District Court.*

THE substantial facts in this case are fully stated in the findings of the district court, which are as follows:

"This is a suit on two appeal bonds, of which true copies are annexed to the petition. The action mentioned in said appeal bonds was tried by this court at the May term, 1878, and the court rendered judgment therein for the said C. W. Goodin. At the same term and in due time George E. Church, defendant, filed a motion for a new trial, which motion the court continued until the September term of the court for 1878—i. e., the present term—and said motion at the time of this trial is pending and undisposed of. During the vacation between said May and September terms, C. W. Goodin caused an execution to issue out of this court on the judgment rendered at the May term, 1878, and it was duly returned by the sheriff of the county, 'No property found

whereon to levy,' and thereupon Goodin brought this action upon the two appeal bonds."

The district court rendered judgment upon these findings in favor of said *Goodin* against said *Church* and his sureties on the appeal bonds, for $280.84 and all costs. The defendants bring the case here.

*John W. DeFord*, for plaintiffs in error.

*Joel K. Goodin*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Counsel claiming a reversal of the judgment of the district court, contends that the execution in the case of *Goodin v. Church* was wrongfully issued, as the motion for a new trial was pending and undisposed of at the date of its issue, and therefore that the action of *Goodin v. Church* and his sureties, upon the appeal bonds, was prematurely brought. At common law the motion for a new trial suspended the judgment and all its effects until the motion was disposed of. In this country, this rule of the common law has been very generally supplanted by statutory provisions, and in order to obtain a stay of execution, the proceedings prescribed by statute must be strictly pursued. When a trial by jury has been had in this state in the district court, judgment must be entered by the clerk in conformity to the verdict, unless it is special, or the court order the case to be reserved for future argument or consideration. (§ 409 of the civil code.) After the judgment is fully recorded, it is valid and has force and effect, notwithstanding the pendency of the motion for a new trial. Where a stay is desired pending the hearing of this motion, an order of the court to that effect should be obtained. The power of courts to temporarily stay the issuing of execution, is exercised in an almost infinite variety of circumstances, in order that the ends of justice may be accomplished, and to prevent hardships. The better practice would be, where a motion for a new trial goes over to the next term, for the court to enter

Saville v. School District.

an order staying the issuance of an execution until such motion is disposed of; and generally, on the return of a verdict where notice of a motion for a new trial is given, or where the motion is filed, the case should be reserved for future consideration, and the entry of judgment on the verdict delayed until a hearing is had upon the motion. If this be done, the party moving for a new trial will not be compelled to obtain any stay, as no execution can issue until the judgment is entered in full upon the journal. After the judgment has been entered, the party moving for the new trial, or for a vacation or modification of the judgment, must apply to the court to obtain a stay, if such stay is necessary for the protection of his legal rights. In the case of *Goodin v. Church*, no stay was applied for, and as we do not think the pendency of a motion for a new trial necessarily stays proceedings upon the judgment, we perceive no error in the record before us. (*People v. Loucks*, 28 Cal. 68.)

The judgment of the district court will be affirmed.

All the Justices concurring.