A. C. Bogle v. Samuel Bloom.

1. Court *Controls its Process; Practice.* The court has control over its process, and where a motion is made to quash an execution upon the ground that it has been released and satisfied by the judgment creditor, the court may, in a summary manner, investigate whether the judgment has been assigned, and whether the release or satisfaction is void by reason of having been obtained by fraud and misrepresentation; and finding that to be the case, may declare the pretended satisfaction to be a nullity, and direct the officer to proceed and execute the judgment.

2. Execution; *Denial of Motion to Quash, not Error.* An execution was issued which correctly described a judgment in replevin rendered for a return of the property, or in case a return could not be had, for the recovery of its value, and then recited that the judgment had been assigned to F., subject to the attorney's lien of T., and commanded the officer to return the property to F., or T. The judgment creditor did not deny the regularity of the assignment to F., or question the validity of the lien of T., but united in asking that what was due upon the judgment be paid to them. A return of the property mentioned in the judgment and execution could not be had. *Held,* That a denial of the motion to quash the execution because it did not conform to the judgment, was not error.

3. Execution *for More than Debt.* The mere fact that an execution issues for more than is due on the judgment, does not deprive the writ of validity, but the court may, on application, set it aside to the extent of the excess.

4. —————— *Excessive Levy; Practice.* A levy upon more property than is required to satisfy the execution, and which is not grossly excessive, will not avoid the writ. The proper remedy in such a case is to move for a release of a portion of the property seized.

*Error from Allen District Court.*

Bogle brings here for review certain orders made by the district court at the January Term, 1885, in a replevin action wherein *Bogle* was plaintiff and *Bloom* was defendant. The opinion states the material facts.

*H. A. Ewing, Richards & Benton,* and *P. H. Harris,* for plaintiff in error.

*H. W. Talcott* and *J. H. Fisher,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: An application was made to the district court of Allen county to quash an execution issued from that court. The execution was based on a judgment in a replevin action, wherein A. C. Bogle was plaintiff and Samuel Bloom was defendant. It was rendered on January 9, 1885, in favor of the defendant for a return of the property in controversy; or, in case a return could not be had, a recovery of its value, which was found to be one hundred dollars, together with the costs, taxed at $54.15. On January 26, 1885, H. W. Talcott, an attorney for Bloom, filed an attorney's lien for $50, for services in the replevin action, and written notice of the same was served on and accepted by Bogle. During the same month Bloom assigned and set over to J. H. Fisher, another of his attorneys, $34 of the judgment, which assignment was at the same time entered in the judgment record. On February 9, 1885, the execution in question was issued, reciting the recovery of the judgment, and also that the judgment had been assigned to J. H. Fisher by Bloom, subject to the attorney's lien of H. W. Talcott, and commanding the sheriff to deliver the property to Fisher or Talcott, or that in default thereof he cause the debt, interest and costs to be made out of the property of Bogle, and that he return the same with the writ into court within sixty days.

The first objection urged to this writ is, that the judgment and costs had been paid and satisfied. This claim is not borne out by the testimony. Bogle did obtain from Bloom a written release or satisfaction in full of the judgment upon the payment of $60, but this release was not given until after both the attorney's lien and the assignment of the judgment had been filed of record. He testified that he had no knowledge of the assignment of the judgment, or of the attorney's lien, or that Bloom was not the full and absolute owner of the judgment. There is abundant evidence to the contrary. He acknowledged service in writing of the notice of the at-

33—36 KAS.

torney's lien; and the testimony of several witnesses is that the lien and the assignment were called to his attention several times prior to the execution of the release by Bloom.   When he called on Bloom for a settlement of the judgment, he was specially informed by Bloom of the assignment and of the lien, and that they must be settled; and Bloom then stated to Bogle that he would do nothing unless the rights of Fisher and Talcott were taken into consideration.   Bogle led him to believe he would pay these parties, and it was upon that understanding only that Bloom settled with and gave him the release.   The pretended release and satisfaction of the judgment thus obtained was presented to the clerk of the district court to be entered of record, but the clerk refused make the entry, when Bogle wrote an entry of satisfaction upon the record, to which he signed the name of Bloom.   The motion made by the plaintiff to quash the execution required an investigation of the claim that the judgment had been satisfied, and a determination of the effect of the pretended satisfaction.   The testimony amply sustained the finding made by the court, that the pretended satisfaction was obtained by misrepresentation and fraud, and is a nullity.   But even if the release had been valid, the motion could not have been upheld upon the mere ground of satisfaction, because it was shown that a part of the costs was yet unpaid, and an execution could rightfully issue to collect such costs.

Another objection is, that the execution did not follow the judgment in reciting that there had been an assignment to Fisher subject to the lien of Talcott, and in commanding the delivery of the property to Fisher or Talcott.   While this recital and command were somewhat inaccurate, they do not destroy the validity of the writ nor prejudice Bogle.   The execution intelligibly described the judgment, giving its date, the court in which it was rendered, the parties, as well as the property or money to be recovered.   The assignee of the judgment, after its rendition, is entitled to the same rights as the judgment creditor; but whether the assignment was strictly regular or the attorney's lien valid, did not in this case con-

cern the judgment debtor. That was a matter between the claimants and Bloom. Bloom did not deny the regularity of the assignment to Fisher, nor question the validity of Talcott's lien. On the other hand, he insisted that the assignment and the lien were valid, and joined with Fisher and Talcott in the effort to protect their interest in the judgment. Bogle was concerned only in having the money realized upon the execution applied in satisfaction of the judgment existing against him. All who were interested in the judgment were before the court, and there was no conflict among them in regard to their respective interests in the judgment, and as the money collected on the execution was all to be applied in satisfying what is conceded to be a valid judgment, Bogle certainly has no reason to complain. Nor does the inaccuracy of the writ in commanding the officer to deliver the property to Fisher or Talcott afford him a just cause for complaint, as a return of the property could not be had, and the officer must therefore obey the alternative command of the writ to make the amount of the judgment as upon an ordinary execution. This latter command is conceded to be formal and correct, and the officer was proceeding to execute it when the present motion was made.

A further objection is, that the execution was issued for too large an amount. It is true that the writ directed the officer to make the full amount of the judgment, and it is also true that the amount which Bogle had paid was not then credited on the judgment or execution. This probably occurred by reason of the dispute which had arisen in regard to what part of the judgment, if any, had been satisfied. The proper practice where an execution issues for too large an amount is to apply to the court to set aside as to the excess, and not for a vacation of the writ. (Herman on Executions, p. 80.) The process of the court is fully within its control, and it may exercise such control in a summary manner after judgment to correct any abuse of its process, or to prevent injustice. So in this case the court fully protected the plaintiff by ordering that the $60 which he had paid to Bloom be credited on the

judgment, and by directing the officer to proceed and make the remainder due on the judgment, and bring the same into court, to abide its further order and judgment. It appears that the execution was levied on property worth $240, which, when the credit was made on the execution, was probably more property than was necessary to satisfy the residue due. However, this will not avoid the writ, as the levy was not grossly excessive, and no fraud is apparent. A remedy in such a case may be obtained by applying to the court to release a portion of the property. No motion of this character was made, and it does not appear that the attention of the court was called to this feature of the case.

We find no error in the record, and will therefore affirm the orders of the district court.

All the Justices concurring.