ISAAC M. BROWN

*v.*

J. C. DUNCAN.

*Filed at Springfield March 31, 1890.*

1. EXECUTION—*separate writ against different parties—according to their several liability.* A final order in a proceeding for the partition of land directed that the costs and expenses, including a solicitor's fee, be paid within a prescribed time, a certain portion thereof by one of the parties and the residue by certain other parties, in severalty, and that in default thereof execution issue therefor: *Held,* that such order did not authorize the issuing of a single writ against all the parties, and that execution could only be issued against each party separately, for his proportion of the costs and solicitor's fee, and that this should be general, and not special, as to the lands therein named.

2. SAME—*special execution—whether allowable.* A decree finding the proportion of the costs, and of a solicitor's fee, to be paid by the parties respectively, and awarding execution to collect the same if not paid within a limited time, will not authorize the issuing of special executions. Except in cases provided for by the statute, executions in this State are general.

3. The right of a party in whose favor the writ is issued, to elect on what property, not exempt from execution, he will have the same levied, does not give him a right to a special execution.

4. SAME—*requisites of the writ—must describe the judgment.* An execution must show upon its face for or against whom it issues, the amount or amounts to be taken from the latter for the benefit of the former, and should also show the date at which and the court where the judgment was rendered.

5. A judgment or decree being the foundation of the execution, if the latter fails to show the former, it is, in contemplation of law, no execution at all, and confers no authority whatever upon the sheriff to whom it is directed.

6. While it is true that a mere variance between the judgment upon which an execution issues, and the description of the judgment in the writ, does not render the writ, or a sale and deed made in pursuance of it, void, it is still necessary that every execution should have a judgment to support it, and that it should appear from the writ what judgment is intended to be enforced. If the execution identify the judgment, it is sufficient; otherwise not.

7. Same—*several liability—sale of property of one to satisfy a claim against another.* Where a decree declares a several liability on parties to a suit to pay their proportionate share of the costs and of a solicitor's fee, and awards execution to enforce payment, even if a single execution against all were valid, it will not authorize a sale of property of the several parties *en masse.* The amount awarded against each party should be made out of his property, and not out of that belonging to the other parties, so that each party may redeem his property without paying the entire decree.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. ORENDORFF & PATTON, for the appellant:

Appellee contends that the execution is void for the following reasons : First, that the decree is for no certain amount; second, because it directs the sheriff to levy upon the land of each of the defendants ; third, because the writ does not command the sheriff to give notice before levy ; and fourth, on the ground of a variance between the process and the decree.

The decree is for all the costs, including $125, solicitor's fee. The costs are made certain by statute. That an execution may issue on a decree for costs is beyond question. Rev. Stat. chap. 33, sec. 18; *Goodwillie* v. *Millimann,* 56 Ill. 526.

The execution, by directing a levy on certain lands, really limits the judgment creditor, and in no way deprives the defendants of any rights. The statute gives the plaintiff in execution the right to elect upon what property the sheriff shall levy, provided personal property shall be last taken. Rev. Stat. chap. 77, sec. 11.

The execution commands nothing outside of the power granted by the decree. This can be considered no more than an irregularity, which never avoids the sale. *Swiggart* v. *Harbert,* 4 Scam. 364; *Phillips* v. *Coffee,* 17 Ill. 154; *Durham* v. *Heaton,* 28 id. 264; *Oakes* v. *Williams,* 107 id. 154; *Newman* v. *Willitts,* 60 id. 519; *Shirk* v. *Gravel Road Co.* 110 id. 661; Herman on Executions, 515-517; Freeman on Executions, 62.

The decree directs but one execution to issue. In 7 Am. and Eng. Encyclopedia of Law, page 124, it is said: "When an execution is issued against defendants not equally liable, it should specify the amount to be collected of each."

Failure of the sheriff to give notice of an execution does not vitiate a levy and sale. *Rock* v. *Haas*, 110 Ill. 528.

All that is necessary is, that the deed and execution shall refer to the judgment, so as to identify the cause. *Loomis* v. *Riley*, 24 Ill. 307; *Hayes* v. *Bernard*, 38 id. 303; *Durham* v. *Heaton*, 28 id. 264; *Kinney* v. *Knœbel*, 47 id. 421; *Railsback* v. *Lovejoy*, 116 id. 447.

The way to determine whether the execution is void or only voidable, is to determine whether or not it could have been amended on motion. *Booth* v. *Rees*, 26 Ill. 45; *Durham* v. *Heaton*, 28 id. 264; *Bassett* v. *Bratton*, 86 id. 158; *Hunt* v. *Loucks*, 38 Cal. 372.

Messrs. GROSS & BROADWELL, for the appellee:

No specific amount is fixed to be paid by each. *Carpenter* v. *Sherfy*, 71 Ill. 427; *Railroad Co.* v. *Chicago*, 53 id. 80; Herman on Executions, sec. 54.

The execution does not refer to any court as having authorized it. It does not give the names of the parties, or state that any judgment or decree was entered. It does not say for whom the money was to be collected. Herman on Executions, sec. 55; *Palmer* v. *Palmer*, 2 Conn. 462.

That such an execution is void, see *Williams* v. *Atwood*, 52 Ga. 586; *Cooper* v. *Jacobs*, 82 Ala. 411; *Kentzler* v. *Railway Co.* 47 Wis. 641; *Hinman* v. *Pope*, 1 Gilm. 141; *Douglas* v. *Whiting*, 28 Ill. 362; *Johnson* v. *Adleman*, 35 id. 265; *Brinton* v. *Gerry*, 7 Bradw. 238; 2 Tidd's Pr. 998; *Commonwealth* v. *Fisher*, 2 J. J. Marsh. 139.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was an action of ejectment, by appellant, against appellee, to recover possession of certain lands in Sangamon county. The judgment below was for the defendant, and plaintiff appealed.

The bill of exceptions fails to show any exception to the judgment, and appellee insists that for that reason it must be affirmed without reference to the merits of the case. Since the case was taken, appellant presented an amended record containing an amended bill of exceptions, which shows proper exceptions to the decision of the circuit court in overruling defendant's motion for a new trial, and entering judgment against him for costs. While this motion should have been made before the case was taken, we have treated the amended record as properly before us, and examined the case upon the errors assigned.

Appellant's title to the lands in suit, if he has any, is derived through a sheriff's deed and an execution sale. At the February term of the Sangamon circuit court, 1885, in a partition proceeding in which Pamelia Melton and others were complainants and Lavina Brown and others were defendants, the final order contained the following: "It is further ordered, that the costs and expenses of this proceeding, including a solicitor's fee of $125, which the court finds to be a reasonable fee, and usual and customary, and allows, be paid within twenty days from this date by said parties, in the following proportions, viz: Isaac M. Brown, five-ninths thereof; Lavina Brown, Albert Melton, Florence Melton and James Melton, each one-ninth thereof; and that in default thereof execution issue therefor."

On the 8th of the following September a writ of execution was issued on said order, as is claimed, which is as follows:

"*The People of the State of Illinois.*

"*To the sheriff of Sangamon county—Greeting:*

"We command you that of the following described real estate in your county, the property of James Melton, to-wit," (then follows a description of land,) "you cause to be made the sum of $20.36,—his proportion of the foregoing bill,—together with costs. And the following described real estate in your county, the property of Lavina Brown, to-wit, (description,) you cause to be made the sum of $20.36,—her proportion of the foregoing bill,—together with costs. And that of the following described real estate in your county, the property of Isaac Brown, to-wit, (description,) you cause to be made the sum of $101.80,—his proportion of the foregoing bill,—together with costs. And that of the following described real estate in your county, the property of Florence Melton, to-wit, (description,) you cause to be made the sum of $20.36,—her proportion of the foregoing bill,—together with costs. And of the following described real estate in your county, the property of Albert Melton, to-wit, (description,) you cause to be made the sum of $20.36,—his proportion of the foregoing bill,—together with costs; and that you make return, etc.

"In witness whereof, etc., this 8th day of September, A. D. 1885. E. R. Roberts, Clerk."

The sheriff's return shows that after offering the several tracts described in the execution as belonging to the respective parties named therein, separately, and receiving no bids therefor, he offered all the tracts as a whole, and John E. Everhart bid $53.24 therefor, and became the purchaser, receiving a certificate of purchase and afterwards a sheriff's deed therefor. Everhart subsequently conveyed to appellant.

Conceding that the above mentioned order in the partition proceeding was sufficient to authorize the issuing of executions against the respective parties therein named, this writ, and the subsequent proceedings thereunder, relied upon by appellant

27—132 Ill.

as vesting title in his grantor, can not be sustained. The most that could be claimed for them would be, that, though irregular and voidable, they are not absolutely void. In the first place, the order does not authorize the issuing of a single writ against all of the parties. Each was ordered to pay a certain proportion of all the costs, and execution could only properly issue against each party separately for that proportion, when assessed by the clerk. One was in no way liable for the costs adjudged against another, nor was there, in any sense, a joint liability created by the decree; neither did the decree authorize the issuing of special executions. Except in cases provided for by statute, executions, in this State, are general. (Rev. Stat. chap. 77, sec. 4.) The right of the party in whose favor the writ is issued, to elect on what property not exempt from execution he will have the same levied, does not, as is contended, give him a right to a special execution.

The fatal objection, however, to this writ, appears on its face. It does not show for whose benefit it issued. It does not show upon what judgment or decree it is based, nor out of what court it issued. An execution must show for and against whom it issues, the amount or amounts to be taken from the latter for the benefit of the former, and should also show the date at which, and the court where, the judgment was rendered. (Freeman on Executions, sec. 42; Herman on Executions, secs. 55, 56.) It is true, that a mere variance between the judgment upon which an execution issues, and the description of it in the writ, does not render it, or a sale and deed made in pursuance of it, void; but it is necessary that every execution should have a judgment to support it, and that it should appear from the execution what judgment is intended to be enforced.

The reason why the description of the judgment is inserted in the writ is, that the officer may know what he is to enforce, and that the writ may, by inspection, be connected with the authority for its issuance. (Freeman on Executions, sec. 43.)

How can it be determined whether an execution issued on a particular judgment, or whether there is a fatal variance between it and the writ, when none is set out or even mentioned in the writ? In a note to *Graham* v. *Price*, 13 Am. Dec. 199, in which the authorities, on the effect of a variance between an execution and the judgment on which it is based are collated and commented upon by Mr. Freeman, he concludes: "The principle running through the cases is, that if the execution identify the judgment, it is sufficient; otherwise not." The judgment is the foundation of the execution. The vitality of the writ is drawn from the judgment. Failing to show the judgment or decree upon which it issued, this writ is not, in legal contemplation, an execution at all, and conferred no authority whatever upon the sheriff to whom it was directed.

Equally fatal to appellant's title is the objection that the writ, if it had been valid, did not authorize a sale of the various lots therein described, *en masse*. Such was not the command of the writ. According to its express terms Isaac M. Brown was liable for $101.80. That amount was to be made out of his property, and not out of that belonging to the other parties named in the writ, who were only liable for $20.36 each. It would scarcely be contended that the sheriff could, under this writ, have legally sold the property of James Melton for the aggregate amount due from all the parties, thus making him pay $183.20, when he was only liable for $20.36. It is equally clear that he could not sell it, with the lands of all the others, *en masse*, thereby compelling him, if he redeemed his lot, to pay the entire debt.

The judgment of the circuit court is clearly right, and will be affirmed.

*Judgment affirmed.*