## BRODERICK v. BROWN.

(Circuit Court, S. D. California. May 13, 1895.)

No. 644.

UNITED STATES MARSHALS—MANNER OF EXECUTING WRITS—CONTROL BY COURT.
Where the marshal levies an attachment on a tin box and contents, but is unable to return an inventory of its contents, because defendant refuses to unlock the box, the marshal will not be ordered to open the box and return an inventory of its contents, as the responsibility of lawfully executing the attachment rests on him, and he must be permitted to determine for himself the manner of discharging his duty.

Attachment by William J. Broderick, receiver of the First National Bank of San Bernardino, against Joseph Brown. Plaintiff moved for an order to compel the marshal to return an inventory of a box on which he had levied the writ.

Curtis, Oster & Curtis, for complainant.
Rolfe & Rolfe, for defendant.

WELLBORN, District Judge. In this case, the marshal, in his return upon a writ of attachment issued herein, states, among other things, that the attachment was levied on one tin box and contents, and that he requested the defendant to unlock the same, which defendant refused to do, claiming the property to be exempt from execution, and that, therefore, he (the marshal) is unable to return an inventory of the contents of said box. Plaintiff now moves ex parte for an order directing the marshal to open the box, and return an inventory of its contents. I have not been able to find any authority or precedent for such an order. The responsibility of lawfully executing an attachment, including its return, unquestionably rests upon the marshal, and it seems logical and right that he should be permitted to determine for himself the manner of discharging a duty, for the neglect or improper performance of which he would be answerable to any party injured thereby.

Sections 787 and 788 of the Revised Statutes prescribe the duties and powers of marshals, and the latter section enacts that marshals shall have in each state the same powers in executing the laws of the United States as the sheriffs and their deputies in such state have by law in executing the laws thereof. It has been decided by the supreme court of California that a court has no power to order a sheriff to enforce an execution by levying on a particular piece of property. Fraser v. Thrift, 50 Cal. 476. In that case the court said:

"On motion of the plaintiff in execution, the court ordered the sheriff holding the writ to levy it upon a particular tract of land, claimed by the defendant in the writ to be exempt from forced sale on the ground that it was his homestead. The sheriff having refused to levy the execution on the land for this reason, the court, finding that the land was not exempt as a homestead, made an order directing the sheriff to proceed with the levy, from which order the sheriff appeals. Counsel have failed to produce any precedent for such an order, and it is easy to see that, if such practice prevailed, it might in many cases result in serious perplexities. If so great an innovation in practice is to be introduced, it should be done by the legislature, and not by the courts."

The ground of said decision, although not expressly stated therein, must be the principle I have already enunciated,—that, where responsibility grows out of an official duty, the manner and measure of performance must be left to the determination of the officer upon whom the responsibility rests. Therefore, while the court, under suitable circumstances, may allow the amendment of a return, it cannot in any case direct what the return shall be. Motion denied.