Treat v. Wilson.

M. J. R. TREAT v. HILL P. WILSON *et al.*

No. 65.

1. DISTRICT COURT—*Jurisdiction.* The district court has control of all process issued for the execution of its judgments, and may, after judgment, exercise such control in order to prevent injustice.

2. INJUNCTION—*When it Will not Lie.* Injunction will not lie when there is an adequate remedy at law to secure necessary relief.

MEMORANDUM.—Error from Ellis district court; S. J. OSBORN, judge. Action by M. J. R. Treat against Hill P. Wilson and another to restrain the collection of a judgment. From an order dissolving a temporary injunction the plaintiff brings the case to this court. Affirmed. The opinion herein, filed October 9, 1896, states the material facts.

*Charles A. Hiller*, for plaintiff in error.

*A. J. Bryant*, for defendants in error.

The opinion of the court was delivered by

GARVER, J. : The plaintiff in error complains of the ruling of the judge of the district court of Ellis county in making an order dissolving a temporary injunction which had been previously granted without notice by the probate judge of said county to stay the execution of a judgment theretofore rendered by said court, in an action in which Hill P. Wilson was plaintiff and M. J. R. Treat was defendant, until said defendant, Treat, against whom the judgment was given, could prepare his case and file a petition in error in the supreme court for a review thereof. We think no error was committed in dissolving the injunction. The judgment sought to be enjoined was, so far as disclosed, regularly obtained, and in all respects was valid and binding. No stay having been asked for

or allowed when the judgment was rendered, the plaintiff had a right to have an execution issue forthwith.

If the defendant therein desired to take the case to the supreme court, the district court would, proper application having been made, doubtless have given such reasonable stay of proceedings as might have been necessary. And, even after judgment, the court still had control of any process that might be issued, and could have made any order that was proper and necessary fully to protect the legal rights of the unsuccessful party. It is the duty of courts to see that no injustice is done by the use or abuse of its process, and, to this end, the execution thereof may be stayed at any time by the court out of which it issued. (*Church v. Goodin*, 22 Kan. 527; *Dunmeyer v. K. P. Rly. Co.*, 29 id. 185; *Bogle v. Bloom*, 36 id. 512.) Injunction is an extraordinary equitable remedy, not to be resorted to when there is an adequate remedy at law. An adequate legal remedy existed in this case.

The judgment will be affirmed.

CLARK, J., concurring.

GILKESON, P. J., having been of counsel, did not sit in the case.