# BARNETT v. BOHANNON.

No. 700.    Opinion Filed November 16, 1910.

1.  **APPEAL AND ERROR—Orders Appealable.** An order of the trial court quashing an execution is an order made "upon a summary application in an action after judgment," and is appealable.

2.  **APPEAL AND ERROR—Quashing Execution—Discretion.** Every court has the inherent power to control its own process, and the quashal of an execution rests largely in its discretion, and an order made quashing an execution will not be reversed in this court except where abuse of such discretion is shown.

2.  **EXECUTION—Stay of Process—Motion for New Trial.** After return of the verdict of a jury, and the rendition of judgment thereon, during the pendency of a motion for a new trial, the court may in its discretion reserve the case for further argument or consideration and either stay or arrest all process until after the disposition of the motion for new trial.

(Syllabus by the Court.)

*Error from Haskell County Court; A. L. Beckett, Judge.*

Action by T. H. Barnett against W. J. Bohannon.   Judgment for plaintiff.   From an order quashing an execution, he appeals. Affirmed.

*Holley, Brown & Lawrence,* for plaintiff in error.
*Fred H. Fannin,* for defendant in error.

DUNN, C. J.   This case presents error from the county court of Haskell county, Oklahoma.   February 4, 1908, plaintiff in error, as plaintiff, filed this petition in the said county court to recover of and from the above named defendant in error, as defendant, the sum of $34.40.   Trial was had, and on the 5th day of August, 1908, judgment was rendered in favor of plaintiff and against the defendant.   Whereupon, within due time, defendant filed motion for a new trial, which motion, however, was not considered or acted upon until February 9, 1909.   December 26, 1908, while the motion for new trial was still pending, the plaintiff in error had

issued an execution which was levied upon property of defendant in error, and the same was advertised by the sheriff to be sold on February 9, 1909. On the day set for the sale, and prior to the hour appointed therefor, the defendant filed a motion, the purport of which was to secure the quashal of the execution issued, on the ground that the motion for a new trial was still pending and undetermined. Whereupon, on a hearing had, the court sustained the motion to quash the execution and ordered the sheriff to return the property to the defendant. From the order recalling and quashing the execution plaintiff has, by petition in error and case-made, brought the case to this court for review, and two questions are presented for our consideration: First, is the order appealable; and, second, did the court commit error in quashing the execution?

Section 6068, Compiled Laws of Oklahoma 1909, provides that a final order which may be vacated, modified or reversed by the Supreme Court is one made "upon a summary application in an action after judgment." In considering this identical language as it was found in the statutes of Wisconsin, the Supreme Court of that state, in the case of *Ernst v. The Steamer "Brooklyn,"* 24 Wis. 616, speaking through Mr. Chief Justice Dixon, held that an application to set aside an execution issued in an action, or the levy made under it, or for a stay of proceedings upon it, or to direct the judgment to be satisfied of record, would fall within the meaning of this language, and hence appealable. Other authorities, based upon statutes of similar import, in which orders of this character have been held appealable, may be noted as follows: *Little v. Atchison, Topeka & S. F. R. R. Co.,* 2 Ind. Ter. 551; *Orr v. Haskell,* 2 Mont. 350; *Gilman v. County of Contra Costa,* 8 Cal. 52, 68 Am. Dec. 290; *Wright v. Rogers,* 26 Ind. 218; *McAllister v. State ex rel. Heath et al.,* 81 Ind. 256.

The question next raised is: Did the court err in quashing the execution?

A motion for a new trial does not of itself operate to stay

Vol. 27—24

execution, except the clerk of the court in which the record of the judgment or final order shall be takes a written undertaking to be executed in accordance with the terms of sec. 6078, Comp. Laws Okla. 1909, or the party complies with sec. 6079, *id*.   Except where the provisions of the statute are complied with, the party in whose favor a judgment is rendered is entitled immediately to the proper process for its enforcement.   *People ex rel. Carpenter v. Loucks,* 28 Cal. 69; *Davis v. Jenkins,* 46 Kan. 19.   However, every court has the inherent power to control its own process and may, in the exercise of a sound discretion, and to prevent injustice, stay or quash the same as may appear to be justified.   *Osborne & Co. v. Hughey et al.,* 14 Okla. 29; *Boale v. Bloom.* 36 Kan. 512; *Treat v. Wilson,* 4 Kan. App. 486, 46 Pac. 322; *Church et al. v. Goodin,* 22 Kan. 527.

The case last cited, *Church v. Goodin,* is one written on statutes relating to the subject under discussion in all respects similar to our own.   The court in that case had occasion to consider or pass on the question of the quashing of an execution which was issued, as in the case at bar, while a motion for new trial was pending and undisposed of.   It was insisted that the pendency of the motion for a new trial acted as a stay of the proceedings upon the judgment rendered until it was disposed of.   The court. on considering this claim, denied it, and in the syllabus said:

"The pendency of a motion for a new trial does not necessarily stay proceedings upon a judgment rendered in a civil case. After a return of the verdict of a jury, the court has the power, however, to reserve the case for future argument or consideration, and either stay or arrest all process until the motion for a new trial is disposed of."

In the case at bar, at the time the court, in the exercise of its discretion, quashed the writ of execution issued, there was, as we have seen, pending before it for consideration a motion for new trial.   If this motion were to be granted, necessarily the judgment which was the basis for the writ would be set aside and held for naught, and the court had the power, in the exercise of its

discretion, to withhold the execution of this judgment until it could consider the motion for new trial and determine whether the judgment should stand. The action of the court being discretionary, and the presumption obtaining that it was right, it should not be disturbed except upon a showing that it has been abused. The burden is upon the plaintiff in error to overcome this presumption and to show the abuse, and there being no showing in this court that the court committed error or abused its discretion, the order made must stand.

The judgment of the trial court is therefore accordingly affirmed.

All the Justices concur.