STATE *ex rel.* LYNCH *et al.* v. HOOVER, *Sheriff, et al.*

No. 6655.  Opinion Filed September 1, 1914.

(142 Pac. 1110.)

**JUDICIAL SALES—Mandamus—Orders of Court.** The general rule is that a sheriff, or other court officer, in making a judicial sale acts under the direction of the court out of which the order of sale issues; and his acts will not be controlled by mandamus from a superior court, unless it clearly appears that the orders of the court under which he proceeds are void.

(Syllabus by the Court.)

Original mandamus by the State, on relation of George I. Lynch and another, against Charles L. Hoover, as sheriff of Noble county, and others.  Writ refused.

*H. A. Smith,* for relators.

*P. W. Cress* and *Robt. A. Lowry,* for respondents.

BLEAKMORE, J.  This is an original application for mandamus presented by the relators against Charles L. Hoover, as sheriff of Noble county, Okla., L. W. Wright, clerk of the district court of said county, and A. H. Huston, judge of the Eleventh judicial district.  The petition alleges, in substance:  That in a certain cause pending in the district court of Noble county wherein Andrew J. Wurtz was plaintiff and Ernest Davis and others were defendants, on the 13th day of October, 1913, plaintiff obtained a judgment for a specified sum and the foreclosure of a mortgage on certain real property situate in Noble county.  That said judgment was thereafter assigned to the relator, Lynch, who on the 16th day of June, 1914, procured an order of sale to be issued out of said court, directing the sale of said real property pursuant to said judgment, and placed the same in the hands of the sheriff.  That said sheriff duly advertised the property for sale, but prior to the date of sale returned said order of sale to the clerk of said court and refused to execute the same.  That said clerk refuses to issue an alias order of sale, and that both

said clerk and sheriff refuse to perform their duties in the matter of said sale. That relators applied to the judge of said court for a writ of mandamus to compel said clerk and sheriff to perform such duties in the issuance and execution of a proper order of sale, but that said district judge refused to hear or consider said application, for the reason that he had theretofore disqualified himself in said cause and was still disqualified. Upon this showing, an alternative writ of mandamus issued. Upon the return of said writ, it is shown that in said case of Andrew J. Wurtz against Ernest E. Davis *et al.,* and the two others entitled Anna A. Doggett v. Elmer E. Doggett, numbered 862 and 920, respectively, pending in the district court of Noble county, the district judge, Hon. W. M. Bowles, was disqualified, and the respondent A. H. Huston, was duly assigned by this court to try all three of said causes. That in said case of Wurtz v. Davis *et al.* no appeal was taken, and the judgment became final. That the other two cases, involving the property rights of the Doggetts, including the equity in the property here sought to be sold, and divorce and alimony, were appealed to this court, and are now pending herein. That upon the 19th day of December, 1913, at a subsequent term to that at which the judgment was rendered, the presiding judge, Hon. A. H. Huston, made the following order:

"Now on this 19th day of December, 1913, it appearing to the court that an appeal or proceeding in error is about to be taken in case No. 862, entitled Anna E. Doggett v. Elmer E. Doggett *et al.,* and case 920, entitled Anna E. Doggett v. Elmer E. Doggett *et al.,* involving the same property as is involved in this case, and that serious injury might result to the various parties interested by a sale of the property herein described before the final determination of said cause in the Supreme Court, it is therefore ordered that the issuance of an order of sale herein be stayed until after the final determination of both of said causes in the Supreme Court of the state, to which order the plaintiff excepts, and exception is allowed, to which order and ruling of the court the defendant H. A. McCandless duly excepted and excepts.                    A. H. HUSTON,
                                                                                "*Judge.*"

That said order disappeared from the office of the clerk of said court and was not entered of record until after the order of

sale had issued and the property was advertised for sale by the sheriff, but that the same was entered of record prior to the institution of this proceeding; and it further appears that on the 2d day of July, 1914, and before the beginning of this action, the said Anna E. Doggett, one of the defendants in the case of Wurtz v. Davis *et al.*, filed in said cause her verified motion to recall said order of sale for various reasons alleged therein. It also appears by said return that said judgment, in satisfaction of which it is sought to sell said property, is less than $1,000, and that the property itself is of the value of $6,000.

Mandamus is an extraordinary remedy, and not a writ of right; it cannot be used to perform the office of an appeal or writ of error, and generally it is granted only where there is no other adequate remedy. It has been announced as a rule of this court that in awarding or denying writs of mandamus the court exercises judicial discretion and is governed by what seems proper to be done in the particular instance for the attainment of justice.

While it is the general rule that a party in whose favor a judgment is rendered is entitled immediately to the necessary process for its enforcement, yet every court has the inherent power to control its own process, and may in the exercise of sound discretion and to prevent injustice stay or quash the same, as may appear to be proper and right. *Barnett v. Bohannon,* 27 Okla. 368, 112 Pac. 987; *Treat v. Wilson,* 4 Kan. App. 586, 46 Pac. 322.

Again, the general rule is that a sheriff, or other court officer, in making a judicial sale acts under the direction of the court out of which the order of sale issues, and his acts will not be controlled by mandamus from a superior court unless it clearly appears that the orders of the court under which he proceeds are void.

Under the facts disclosed in this case, the writ of mandamus should be refused; and it is so ordered.

All the Justices concur.