### SAUTBINE v. UNITED STATES CITIES CORPORATION.

No. 16242—Opinion Filed ·Jan. 26, 1926.

Rehearing Denied Feb. 9, 1926.

(Syllabus.)

**1. Appeal and Error—Discretion of Lower Court—Quashing Execution.**

Where it appears that the district court still retains jurisdiction of the case and the process of execution is issued therefrom, the court has inherent power to control its own process, and the quashal of the execution rests largely in its discretion; and an order made recalling such execution will not be reversed in this court, except where abuse of such discretion is shown.

**2. Execution—Power of Court to Set Aside Order of Sale and Allow Filing of Supersedeas Bond.**

Where the court still retains jurisdiction of the case and the extension of time has not expired for preparing and serving case-made, the court may set aside an order of sale and permit the filing of a supersedeas bond where such bond fully protects all parties to the action and no abuse of discretion is shown.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Willis G. Sautbine against the United States Cities Corporation. Judgment for plaintiff, and from order setting aside order of sale, he appeals. Affirmed.

Shirk, Danner & Fowler, J. B. Dudley, and Reuben M. Roddie, for plaintiff in error.

Geo. S. Ramsey, Rainey & Flynn, Edgar A. deMeules, and Villard Martin, for defendant in error.

LESTER, J. The parties to this appeal occupy the same position they did in the lower court, and will be referred to as plaintiff and defendant. This is an appeal on transcript from an order made by Honorable T. G. Chambers, judge of the district

court in and for the 13th judicial district, Oklahoma county, state of Oklahoma, which was made on the 3rd day of March, 1925.

On December 22, 1924, being a regular judicial day of the September term of court in and for the 13th judicial district, Oklahoma county, state of Oklahoma, a judgment was rendered in favor of the plaintiff and against the defendant in the sum of $34,510, sustaining an attachment order theretofore issued out of the district court. Notice of appeal was given and time was asked in which to file supersedeas bond and make and serve case-made.

Upon consideration, Honorable James I. Phelps, district judge in and for said district, made an order granting the defendant 30 days in which to make and file supersedeas bond, and 90 days in which to make and serve case-made, same to be settled on three days' notice by either party. The defendant failed to make the supersedeas bond within the time granted, and also failed to make application for an extension of time within the time previously allowed to execute and file said supersedeas bond. On January 27, 1925, on praecipe of the plaintiff, the clerk of the district court of Oklahoma county issued an order of sale to the sheriff of Creek county, Okla. The sheriff of Creek county proceeded to advertise said property for sale. On the 3rd day of March, 1925, the same being a regular judicial day of the January term of court, Honorable T. G. Chambers, judge of the 13th judicial district, Oklahoma county, made an order setting aside and canceling said order of sale and giving said defendant five days from that date within which to make a supersedeas bond. To this order of the court, the plaintiff objected, which objection was by the court overruled and an exception allowed. The plaintiff gave notice of an appeal in open court from this order, which appeal was taken by the filing of the transcript of the record in this court. On March 6, 1925, the defendant filed a supersedeas bond in the sum of $75,000 with the United States Fidelity & Guaranty Company as surety thereon, which bond was duly approved by the clerk of the court.

The plaintiff urges that the action of the court on the 3rd day of March, 1925, was a nullity for the reason that the order made. by the court was made after the term of court had expired, and that the former order of the court allowing time in which to file supersedeas bond had expired, and that having expired without an extension of time, the same became a final order and judgment of the court can only be opened, vacated, or modified as authorized by the statute.

Section 797, C. O. S. 1921, regulating undertakings to stay executions pending appeals, is as follows:

"Before an undertaking shall operate to stay execution of a judgment or order, a petition in error must be filed in the appellate court and the execution of the undertaking and the sufficiency of the sureties must be approved by the court in which the judgment was rendered or order made, or by the judge or clerk thereof; provided that at any time when the time for making or contemplating (completing) a case-made is extended by the court or judge, the court or judge shall include in such order an order staying execution pending the giving of an undertaking as herein provided for and the time within which the proceedings in error shall be filed in the Supreme Court, and in order to continue such stay of execution pending the completion and settling of the case and the filing of the petition in error in the Supreme Court, and in the event that the judgment of the court to which such appeal is taken is against the appellant, judgment shall, at the same time it is entered against the appellant, be entered against the sureties on his said undertaking to stay execution, and execution shall issue thereon against said sureties the same as against their principal, the appellant, and no stay of such execution shall be permitted."

It is conceded by both parties to this appeal that the only statute relating to the making and filing of the supersedeas bond is governed by the above section of the statute.

The plaintiff cites several opinions of this court to sustain his contention that the court was without right or jurisdiction to recall the process of execution, which was issued out of the district court of Oklahoma county, on the 27th day of January, 1925. Among the cases that the plaintiff never cited is that of the State ex rel. Lynch et al. v. Hoover. Sheriff, et al., 43 Okla. 299, 142 Pac. 1110. It is insisted that this case is exactly in point and is therefore controlling upon this issue. We have carefully read the opinion in this case and find that the court used the following language:

"While it is the general rule that a party in whose favor a judgment is rendered is entitled immediately to the necessary process for its enforcement, yet every court has the inherent power to control its own process, and may in the exercise of sound discretion and to prevent injustice stay or quash the same, as may appear to be proper and right. Barnett v. Bohannon, 27 Okla. 368, 112 Pac. 987; Treat v. Wilson, 4 Kan. App. 586, 46 Pac. 322."

In the case of Barnett v. Bohannon, 27

Okla. 368, 112 Pac. 987, it appears that the facts in that case were as follows:

"On February 4, 1908, plaintiff in error, as plaintiff, filed his petition in the county court of Haskell county, to recover of and from the defendant the sum of $34.40. Trial was had, and on the 5th day of August, 1908, judgment was rendered in favor of plaintiff and against the defendant. Whereupon, within due time, defendant filed motion for a new trial, which motion, however, was not considered or acted upon until February 9, 1909. December 26, 1908, while the motion for new trial was still pending, the plaintiff in error had issued an execution which was levied upon property of defendant in error, and the same was advertised by the sheriff to be sold on February 9, 1909. On the day set for the sale, and prior to the hour appointed therefor, the defendant filed a motion, the purport of which was to secure the quashal of the execution issued, on the ground that the motion for a new trial was still pending and undetermined. Whereupon, on a hearing had, the court sustained the motion to quash the execution and ordered the sheriff to return the property to the defendant. From the order recalling and quashing the execution plaintiff has, by petition in error and case-made, brought the case to this court for review, and two questions are presented for our consideration: First, is the order appealable; and, second, did the court commit error in quashing the execution?"

And the court said in relation thereto:

"A motion for a new trial does not of itself operate to stay execution, except the clerk of the court in which the record of the judgment or final order shall be taken a written undertaking to be executed in accordance with the terms of section 6078, Comp. Laws Okla. 1909, or the party complies with section 6079, Id. Except where the provisions of the statute are complied with, the party in whose favor a judgment is rendered is entitled immediately to the proper process for its enforcement. People ex rel. Carpenter v. Loucks, 28 Cal. 69; Davis v. Jenkins, 46 Kan. 19. However, every court has the inherent power to control its own process and may, in the exercise of a sound discretion, and to prevent injustice, stay or quash the same as may appear to be justified. Osborne & Co., v. Hughey et al., 14 Okla. 29, 76 Pac. 146; Bogle v. Bloom, 36 Kan. 512; Treat v. Wilson, 4 Kan. App. 486, 46 Pac. 322; Church et al. v. Goodin, 22 Kan. 527."

We think that in the instant case the court, at the time it made the order setting aside and canceling the order of sale, still had jurisdiction of the case, and without doubt it had jurisdiction over its own process, and the court in setting aside its own process and requiring the defendant to give a supersedeas bond within five days in the

sum of $75,000 was not attempting to review, modify, or vacate any prior judgment or order; but the court was merely exercising its statutory as well as inherent power to control its own process, and in so doing would have the right to make an additional order as would protect the plaintiff from any injury.

The defendant, in compliance with the order of the court made on the 3rd day of March, 1925, did on March 6, 1925, file a supersedeas bond in the sum of $75,000, with the United States Fidelity & Guaranty Company as surety thereon, which bond was duly approved by the court.

It is insisted by the plaintiff in error that, if this was a matter within the discretion of the court, such action upon the part of the court in recalling and setting aside its process was an abuse of such discretion, and that the action of the court constituted a wrong and does an irreparable injury to the plaintiff. Under our view of the case, if the court below still had jurisdiction of the case and had the right to recall and set aside its process, and in order to protect the rights of the plaintiff required the defendant within five days to file a supersedeas bond in the sum of $75,000, then, upon executing and filing of this bond, no injury resulted to the plaintiff by reason of the order made by the court.

However, the plaintiff insists that the bond given by the defendant was null and void, for the reason that such bond had been given after the time fixed by the court in the original order had expired, and the bond was therefore unenforceable. To this doctrine we cannot agree. The bond was given for a consideration. It was made and executed and filed in order that the process of the district court against the defendant and his property might be stayed and arrested until the defendant's appeal could be heard in the Supreme Court. It was filed within the time allowed under the last order of the court for filing said supersedeas bond, and the sureties to such bond by no legal niceties could avoid legal liability on such bond. And said bond, being in all things valid and binding upon the part of the defendant, fully protected the plaintiff in all his rights, and under these circumstances the court did not abuse its discretion in recalling said process and compelling the defendant to execute a bond to the plaintiff.

Judgment affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, HUNT, CLARK, and RILEY, JJ., concur.

PHELPS, J., disqualified, not participating.

Note.—See under (1) 4 C. J. p. 838 §2822: 23 C. J. p. 535 §414; p. 545 §433. (2) 3 C. J. p. 1253 §1366: 4 C. J. p. 838 §2822 (Anno); p. 842 §2828.