**OKLAHOMA SALVAGE & SUPPLY CO. v. FIRST NAT. BANK OF OKMULGEE.**

No. 13312—Opinion Filed June 29, 1926.

Rehearing Denied Jan. 18, 1927.

(Syllabus.)

1. **Appeal and Error — Petition in Error —Time for Amendment by New Assignment of Error.**

A petition in error in the Supreme Court cannot be amended by incorporating therein a new assignment of error after the statutory time for perfecting an appeal has expired.

2. **Execution—"Special 'Execution"—Right to Writ.**

A special execution is one that directs a levy upon some special property. A judgment creditor has no right to a special execution except in the cases expressly allowed by statute. The statutory right of the party in whose favor the writ is issued to elect on what property not exempt from execution he will have the same levied, does not give him a right to a special execution.

3. **Appeal and Error—Discretion of Lower Court—Recall of Execution.**

Where it appears that the district court still retains jurisdiction of the case, and the process of execution is issued therefrom. the court has inherent power to control its own process, and an order made recalling such execution will not be reversed in this court, except where abuse of such discretion is shown.

Appeal from District Court, Okmulgee County; Mark L. Bozarth, Judge.

From order sustaining motion of the First National Bank of Okmulgee to recall execution, the Oklahoma Salvage & Supply Company appeals. Affirmed.

A. L. Emery, for plaintiff in error.

Cochran & Ellison, for defendant in error.

HUNT, J. This is an appeal from the district court of Okmulgee county. The only error presented by the petition in error is that the court erred in recalling an execution issued at the instance of plaintiff in error, one of the defendants in the court below. On September 4, 1920, the First National Bank of Okmulgee filed its petition, containing six causes of action, based upon certain notes and mortgages given by the Bankers Oil Company and held by said bank. The mortgages covered certain oil and gas leases, equipment, machines, etc., and copies were attached to the petition as exhibits. One of the mortgages attached to the petition covered, among other things, a gasoline plant and appurtenances. The Oklahoma Salvage & Supply Company. plaintiff in error, after obtaining permission so to do, entered its appearance in the case as a party defendant, and on October 7, 1920, filed its answer and cross-petition alleging an indebtedness due it by the Bankers Oil Company and claiming a lien upon a part of the property covered by the mortgages sued on by the bank.

On February 15, 1921, the court rendered judgment in favor of the bank for the foreclosure of its mortgages, granting to the Oklahoma Salvage & Supply Company a money judgment, but expressly denying the right of the latter to any lien upon the property. On August 16, 1921, a special execution and order of sale was issued decreeing the sale of certain property under the foreclosure decree. Notice of sale was duly given and the property sold to the plaintiff bank for $10,000. The sale was had on September 21, 1921, and thereafter the Oklahoma Salvage & Supply Company filed its objections to confirmation, on the ground that one of the attorneys for the bank at the sale stated that the gasoline plant was not included in the sale and that the plant was not being sold. On October 3. 1921, the court confirmed the sale, the order of confirmation expressly stating that the "sale did

not, and the order of confirmation does not include or embrace the gasoline plant located on the above-described premises."

Later, on October 14th, the bank filed an application for a nunc pro tunc order showing that through clerical error the journal entry of judgment failed to include the description of certain property in one of the mortgages made a part of the petition and which had been ordered foreclosed, namely the gasoline plant. The next day the matter was considered by the court and the order nunc pro tunc entered as prayed for, the court stating its own independent recollection warranted the granting of the application. No appeal was taken from this order. Prior to this, on October 4, 1921, the Oklahoma Salvage & Supply Company caused what it termed an alias execution to issue to the sheriff directing him specially to levy upon the gasoline plant, etc.

On November 7th, the bank filed motion to recall, vacate, and quash the execution, and on November 8th, the matter was taken up by the court and the execution was ordered recalled, vacated, and set aside. It is from this order this appeal is prosecuted.

Counsel in their briefs have joined issue on numerous questions, but the sole matter for determination, as hereinbefore stated, is the correctness of the court's order of November 8, 1921, recalling the so-called alias execution. Counsel for plaintiff in error, however, in their brief make application to amend the petition in error by raising the correctness of the order of October 3, 1921, confirming the sale above mentioned. No order to this effect was entered by this court, and the amendment could not have been permitted after the time for perfecting the appeal had expired. Charles v. Prentice, 88 Okla. 246, 212 Pac. 585.

Considering, then, the sole question presented by the petition in error, to wit, the correctness of the court's order recalling the alias execution, it must be borne in mind that the Oklahoma Salvage & Supply Company had no lien whatsoever upon the gasoline plant, the property specially described in the recalled execution. The company was a mere judgment creditor.

Section 692, C. O. S. 1921, is as follows:

"Executions are of three kinds:

"First: Against the property of the judgment debtor.

"Second: For the delivery of possession of real or personal property with damages for withholding the same, and costs.

"Third: Executions in special cases."

122-5

The rule uniformly followed under such statutes is stated in 23 Corpus Juris, page 308, from which we quote as follows:

"A special execution is one that directs a levy upon some special property, while a general execution is one that makes no such requirement, but demands a levy upon the debtor's property generally. A further distinction exists in the fact that ordinarily a special execution issues only in proceedings where a defendant has not been brought into court by personal process, but his property has been seized. It is proper where the property has already been levied upon by a writ of attachment, or to enforce decrees in mortgage foreclosure proceedings. A judgment creditor has no right to a special execution except in the cases expressly allowed by statute. The statutory right of the party in whose favor the writ is issued to elect on what property not exempt from execution he will have the same levied, does not give him a right to a special execution. One reason why a special execution should not be issued on an ordinary judgment in personam is that it would deprive the debtor of his right under the statute to point out property to be levied upon." Citing Frazer v. Thrift, 50 Cal. 476; Brown v. Duncan, 132 Ill. 413, 23 N. E. 1126, 22 Am. St. Rep. 545; Mayer v. Farmers' Bank, 44 Iowa, 212; Bower v. Holladay, 18 Ore. 491, 22 Pac. 553.

It will thus be seen that the execution attempted to be levied herein was a special execution, and not being expressly allowed by statute, defendant Oklahoma Salvage & Supply Company was clearly not entitled to same. It is also noted from the notice of sale contained in the record that the defendant Oklahoma Salvage & Supply Company did not recognize in any way the lien of plaintiff bank and seek to sell the property described in the execution as on a general execution subject to the lien of the bank, but contended the bank had no lien, and though it had been specifically denied a lien, was seeking to subject this property to the payment of its money judgment to the exclusion of the bank and without regard to its judgment and lien.

That the court had the power to enter the order nunc pro tunc correcting its own judgment cannot be denied, and likewise to make such other orders as within the proper exercise of its discretion it deemed necessary and expedient to protect its own judgment decreeing a lien to plaintiff on the property in question, upon which defendant Oklahoma Salvage & Supply Company was seeking to establish a prior lien by execution. We think, upon the showing made as disclosed by the record, the trial court properly recalled the execution.

In the recent case of Sautbine v. U. S. Cities Corporation, 114 Okla. 110, 243 Pac. 499, it was definitely held that a court while it retains jurisdiction over a case has control over its own process therein, and that the court has wide discretion in recalling such process, and that all order made recalling an execution will not be reversed in this court except where abuse of such discretion is shown. See, also, Barnett v. Bohannon, 27 Okla. 368, 112 Pac. 987. Upon the facts presented, we are unable to say that the trial court abused its discretion in recalling the execution in the instant case, and its judgment in so doing is therefore affirmed.

NICHOLSON, C. J., and BRANSON, HARRISON, MASON, PHELPS, LESTER, CLARK. and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 1399 §1551 (Anno); 2 R. C. L. p. 166; 1 R. C. L. Supp. 422. (2) 23 C. J. p. 308 §2. (3) 4 C. J. p. 838 §2822 (Anno).