### SCHMIDT v BRETZLAFF

Docket No. 158140. Submitted November 2, 1994, at Detroit. Decided January 17, 1995, at 9:55 A.M.

Johann Schmidt brought an action in the Wayne Circuit Court against Edward Bretzlaff and C & J Contracting Company, Inc., and obtained a consent judgment, William J. Giovan, J. The plaintiff obtained a writ of execution on the judgment and began seizing the defendants' equipment to satisfy the judgment. The defendants obtained a temporary restraining order to stop the execution and eventually persuaded the trial court to quash the writ of execution and to order the plaintiff to release and return the defendants' equipment on the grounds of promissory estoppel. The plaintiff appealed.

The Court of Appeals *held:*

The trial court abused its discretion by quashing the writ of execution in the absence of a promise by the plaintiff not to execute on the judgment. Defendant Bretzlaff's subjective belief that the plaintiff would not execute on the judgment cannot support a defense of promissory estoppel.

Reversed.

EXECUTION — QUASHING WRITS OF EXECUTION.

A court that has granted a writ of execution may quash the writ at its discretion; a writ of execution should be quashed if it would be illegal or inequitable to permit its further use or enforcement; a court should vacate any execution involving fraud, unfairness, injustice, or oppressiveness.

*Winegarden, Shedd, Haley, Lindholm & Robertson* (by *Damion Frasier* and *Peter D. Mooney*), for the plaintiff.

*Jeffery D. Meek & Associates* (by *Jeffery D. Meek* and *Kelly K. Hunt*), for the defendants.

REFERENCES

Am Jur 2d, Executions and Enforcement of Judgments §§ 62, 116.

See ALR Index under Estoppel and Waiver; Execution.

Before: FITZGERALD, P.J., and MICHAEL J. KELLY and E. R. POST,* JJ.

FITZGERALD, P.J. Plaintiff Johann Schmidt appeals as of right a circuit court order quashing his writ of execution and ordering the release and return of defendants' equipment in this contract action. We reverse.

On February 12, 1991, plaintiff filed a contract action against defendants Edward Bretzlaff and C & J Contracting Company, Inc., a family business owned by Bretzlaff. On November 21, 1991, a consent judgment was entered against defendants in the amount of $66,200.

On August 28, 1992, plaintiff obtained a writ of execution, and, on September 8, 1992, began seizing defendants' equipment. On September 22, 1992, defendants moved for a temporary restraining order and an order to show cause why relief should not be granted from the writ of execution. On that same date, the trial court entered an order directing plaintiff to show cause why a preliminary injunction enjoining plaintiff from selling, conveying, transferring, encumbering, disposing of, or damaging any of the equipment seized by plaintiff should not be entered. The order also temporarily restrained plaintiff from taking all of the above-stated actions.

A motion hearing was held on October 2, 1992, at which time plaintiff filed a response to defendants' motion. At the conclusion of the hearing, the trial court quashed the writ of execution on the basis of promissory estoppel and ordered payment on the judgment to be made by defendants in monthly installments of $1,500.

On appeal, plaintiff argues that the trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

abused its discretion in quashing the writ of execution on the basis of promissory estoppel. We agree.

Our research has unveiled no Michigan law regarding a trial court's ability to quash a writ of execution. Therefore, we turn to other jurisdictions for guidance.

Generally, the quashing of an execution rests largely in the discretion of the court. *Oklahoma Salvage & Supply Co v First Nat'l Bank of Okmulgee,* 122 Okla 128; 251 P 1006 (1926); *Sautbine v United States Cities Corp,* 114 Okla 110; 243 P 499 (1926); *Barnette v Bohannon,* 27 Okla 368; 112 P 987 (1910). The trial court's order quashing execution will not be disturbed on appeal absent an abuse of that discretion. *Id.*

A court entering a writ of execution has the power to quash or vacate such writ. 30 Am Jur 2d (Rev), Executions and Enforcement of Judgments, § 409, pp 273-274. *Campau v Godfrey,* 18 Mich 27, 43 (1869). Such power of the court arises from its complete control of its own process and is inherent. *Id.* A writ of execution will be quashed if it would be illegal or inequitable to permit its further use or enforcement. *Sandburg v Papineau,* 81 Ill 446 (1876); *Commercial Nat'l Bank v Stoddard,* 70 Ill App 79 (1897); *Creditors' Adjustment Co v Newman,* 185 Cal 509; 197 P 334 (1921). The courts are particularly inclined to vacate an execution where there is some element of fraud, unfairness, injustice, or oppressiveness involved. 30 Am Jur 2d (Rev), Executions and Enforcement of Judgments, § 415, p 276.

The trial court relied on the doctrine of promissory estoppel in quashing the writ of execution. The elements of promissory estoppel are: (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee,

(3) which in fact produced reliance or forbearance of that nature, and (4) in circumstances such that the promise must be enforced if injustice is to be avoided. *Mt Carmel Mercy Hosp v Allstate Ins Co,* 194 Mich App 580, 589; 487 NW2d 849 (1992).

To support a claim of estoppel, a promise must be definite and clear. *State Bank of Standish v Curry,* 442 Mich 76, 85; 500 NW2d 104 (1993). A promise is a manifestation of intention to act or refrain from acting in a specified manner, made in a way that would justify a promisee in understanding that a commitment had been made. *Id.*

In this case, defendants assert that plaintiff's acts of showing defendant Bretzlaff a large sum of money and stating that he would not do anything "to hurt defendants," together with defendants' plan to run the concrete-crushing plant with plaintiff, are tantamount to a promise to refrain from enforcing the judgment. We disagree. If defendants were told that the judgment would not be enforced, then the first element of promissory estoppel would be satisfied. However, there is no dispute that plaintiff never explicitly made such an assurance. Defendant Bretzlaff's subjective belief that plaintiff would not execute on the judgment is insufficient to constitute a promise that would support an estoppel defense. Hence, the trial court abused its discretion in quashing the writ of execution under these circumstances.

Given our resolution of this case, we need not address the remainder of the issues raised by plaintiff.

Reversed.